IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00034-RJC-DSC

| | |
|---|---|
| GLOBAL PLASMA SOLUTIONS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ELSEVIER LTD AND ) | |
| ELSEVIER INC., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Alternative Motion for Jurisdictional Discovery" (document # 20) filed May 6, 2022, as well as Defendant's "Motion to Dismiss for Lack of Personal Jurisdiction," "Motion to Dismiss for Failure to State a Claim," and "Motion for Judicial Notice" (documents ## 10, 11, 15, 16, 19, 21-24).

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration.

District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. Mylan Lab'ys, Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 2003). In disputes regarding personal jurisdiction, the Court may order discovery directed at the jurisdictional issue. See, e.g., Celgard, LLC v. Shenzhen Senior Tech. Material Co., No. 3:20-CV-00130-GCM, 2021 WL 232130, at *1 (W.D.N.C. Jan. 22, 2021) (granting limited jurisdictional discovery on the issue of the court's personal jurisdiction over defendants and noting that such discovery typically should be allowed "unless plaintiff's claim appears to be clearly frivolous") (quoting Rich v. KIS Cal., Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (allowing jurisdictional

discovery); S&S Mgmt., Inc. v. White, No. 3:15-CV-00122-FDW-DSC, 2015 WL 3818881, at *2 (W.D.N.C. June 18, 2015) (allowing jurisdictional discovery).

Applying those legal principles, the Court concludes that the parties should conduct limited jurisdictional discovery as outlined below. The jurisdictional facts regarding Elsevier Inc. and Elsevier Ltd.'s contacts with North Carolina are disputed but should be clarified through limited discovery. Accordingly, the Court will administratively <u>deny</u> Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Failure to State a Claim, and Motion for Judicial Notice all without prejudice to their right to renew those Motions following completion of jurisdictional discovery.

**IT IS HEREBY ORDERED** that:

1. The parties shall conduct limited jurisdictional discovery with a deadline of September 15, 2022. Discovery shall be confined exclusively to personal jurisdiction issues related to named Defendants' contacts with the forum state and limited to ten interrogatories, ten requests for production, and one Rule 30(b)(6) deposition of Elsevier Ltd.'s designee.

2. Defendant's "Motion to Dismiss for Lack of Personal Jurisdiction," (document #10), "Motion to Dismiss for Failure to State a Claim," (document # 11), and "Motion for Judicial Notice" (document #15) are ADMINISTRATIVELY DENIED **WITHOUT PREJUDICE** to being renewed following completion of jurisdictional discovery.

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: July 11, 2022

_____
David S. Cayer
United States Magistrate Judge