**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| GLOBAL PLASMA SOLUTIONS,<br><br>Plaintiff,<br><br>v.<br><br>ELSEVIER INC. and ELSEVIER LTD.,<br><br>Defendants. | Case No. 3:22-cv-00034-RJC-DCK |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR JUDICIAL NOTICE**

**I.      Introduction**

In their Motion to Dismiss and supporting Memorandum of Law, Defendants Elsevier Inc. and Elsevier Ltd. referenced and attached exhibits consisting of articles and press releases. They did so to provide evidence that Plaintiff is, at the very least, a limited purpose public figure subject to the "actual malice" standard for its defamation claim. Thus, the exhibits were not attached to prove the truth of the statements therein, but rather to prove what was in the public discourse. As explained below, judicial notice is proper under these circumstances.

**II.      Legal Standard**

A "court can consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting a motion to dismiss into one for summary judgment." *Plymouth Cty. Ret. Ass'n v. Primo Water Corp.*, 966 F. Supp. 2d 525, 536 (M.D.N.C. 2013) (internal alterations omitted). Under Fed. R. Evid. 201, the Court is permitted to judicially notice any fact "not subject to reasonable dispute" that "is generally known within the trial court's territorial jurisdiction" or that "can be accurately and readily

1

determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Specifically, "[c]ourts may take judicial notice of newspaper articles . . . when they specifically discuss the subject of the case." *Id.* at 537 (discussing judicial notice in the context of a securities fraud action). Courts thus "routinely take judicial notice of newspaper articles, analysts' reports, and press releases," even where those materials were not specifically referenced in the Complaint. *In re Human Genome Sciences Inc. Securities Litigation*, 933 F. Supp. 2d 751, 758 (D. Md. March 26, 2013).

As to defamation actions like this one, "[c]ourts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (quoting *Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n. 15 (3d Cir. 2001)). Specifically, courts in this circuit have taken judicial notice to determine, at the motion to dismiss stage, whether plaintiffs are limited purpose public figures. *AdvanFort Co. v. Int'l Registries, Inc.*, No. 1:15-CV-220, 2015 WL 2238076, at *10 (E.D. Va. May 12, 2015), *amended on reconsideration*, No. 1:15-CV-220, 2015 WL 4254988 (E.D. Va. July 13, 2015) ("[B]ased on the allegations in the Complaint as well as the numerous news articles of which the Court may take judicial notice, Plaintiffs are at the very least limited purpose public figures and thus subject to the actual malice standard with respect to their defamation claims."); *see also Farah v. Esquire Magazine*, 736 F.3d 528, 534 (D.C. Cir. 2013) (defamation case holding that "[j]udicial notice is properly taken of publicly available historical articles such as were attached to [the] motions to dismiss.").

Courts may take judicial notice either *sua sponte* or upon the request of a party, such as this Motion. However, if a party requests a court to take judicial notice, and provides the necessary information, "then the court is required to do so." *Serian v. Penguin Grp. (USA), Inc.*, No. 1:08-

CV-74, 2009 WL 2225412 (N.D. W.Va. July 23, 2009); *see also* Fed. R. Evid. 201(c) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information.").

### III.    Analysis

Here, Defendants Elsevier Inc. and Elsevier Ltd. seek judicial notice of Exhibits B through M attached to its motion to dismiss.  (Doc. Nos. 47-2 through 47-13).  They do not, however, seek judicial notice for the truth of the matter contained in those articles and press releases.  Instead, Defendants seeks judicial notice only of the mere fact that those articles and press releases *exist*. The mere existence of such press provides evidence that Plaintiff is a limited purpose public figure, and thus its defamation claim is subject to an "actual malice" standard.  Judicial notice of such exhibits for such purpose is entirely proper.  *See Caner v. Autry*, 16 F. Supp. 3d 689, 696 n. 7 (W.D. Va. 2014) ("Courts frequently take notice of adjudicative facts from newspapers, and I do so here, not for the truth of the details asserted in the newspapers, but for Plaintiff's general self-promoted reputation . . . .").

Indeed, courts routinely take judicial notice of articles and press releases in the public realm to determine whether a plaintiff is a limited public figure for a defamation analysis at the motion to dismiss stage.  *See, e.g.*, *Turner v. Wells*, 879 F.3d 1254, 1272 (11th Cir. 2018) ("In determining Coach Turner's public figure status, we take judicial notice of the existence of videos produced or articles written about Coach Turner that were filed by the Defendants. We do not, however, consider them for the truth of the matters they assert."); *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 271 (S.D.N.Y. 2013), *aff'd*, 807 F.3d 541 (2d Cir. 2015), *aff'd*, 622 Fed. Appx. 67 (2d Cir. 2015) ("Courts in this Circuit have employed judicial notice in making determinations about whether

plaintiffs are public figures at the motion to dismiss stage."); *AdvanFort Co*, No. 1:15-CV-220, 2015 WL 2238076, at \*10; *Farah*, 736 F.3d at 534.

## IV. Conclusion

It is thus proper for the Court to take judicial notice of articles and press releases for the purposes of determining Plaintiff is a limited purpose public figure on a motion to dismiss. As a result, the Motion should be granted.

Respectfully submitted this the 30th day of June, 2023.

**KOTIN, CRABTREE & STRONG, LLP**

/s/ William S. Strong
William S. Strong
Massachusetts Bar 483520
2223 Washington St.
Newton, MA 02462
Phone: (617) 227-7031
Fax: (617) 367-2988
Email: wstrong@kcslegal.com

**WOMBLE BOND DICKINSON (US) LLP**

James P. Cooney III
N.C. State Bar No. 12140
Russ Ferguson
N.C. State Bar No. 39671
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, North Carolina 28202
Phone: (704) 331-4900
Fax: (704) 331-4955
Email: Jim.Cooney@wbd-us.com
Email: Russ.Ferguson@wbd-us.com

**Attorneys for Defendants**

4