IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

GLOBAL PLASMA SOLUTIONS, INC.,

    *Plaintiff*,

v.

ELSEVIER INC. and ELSEVIER LTD.,

    *Defendants*.

Civil Action No. 3:22-cv-00034

**PLAINTIFF GLOBAL PLASMA SOLUTIONS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE OR DISREGARD THE THIRD DECLARATION OF WILLIAM S. STRONG AND EXHIBITS THERETO**

## I. INTRODUCTION

In support of Defendants Elsevier Ltd. and Elsevier, Inc.'s (collectively, "Elsevier") objections to the Honorable David C. Keesler's Memorandum and Recommendation ("M&R") on their Rule 12(b)(6) motion to dismiss for failure to state a claim, they submitted a Third Declaration of William S. Strong, their counsel, and three exhibits thereto that were not presented to the Magistrate Judge. (Doc. Nos. 82-1 to 82-4.) Elsevier has failed to provide any reason for its submission of this additional, new evidence, which is not warranted under 28 U.S.C. § 636(b)(1) and, even if it were warranted under that statute, is improper under Rule 12(b)(6). Therefore, this Court should strike or disregard Elsevier's additional evidence in resolving Elsevier's objections to the M&R.

## II. BACKGROUND

On June 30, 2023, Elsevier filed a Rule 12(b)(6) motion to dismiss GPS's First Amended Complaint for failure to state a claim.[1] (Doc. No. 47.) Elsevier attached to its motion to dismiss thirteen exhibits as well as a Second Declaration of William S. Strong, counsel for Elsevier, which attached excerpts of the deposition of one of Elsevier's corporate representatives and an exhibit to that deposition. (Doc. Nos. 47-1 to 47-14.) Contemporaneously with its motion to dismiss, Elsevier filed a motion for judicial notice asking this Court to take judicial notice of the thirteen exhibits attached to its motion to dismiss. (Doc. No. 49.)

On May 22, 2024, the Honorable David C. Keesler issued an M&R on Elsevier's motion to dismiss and motion for judicial notice. (Doc. No. 75.) Of relevance to the instant motion, the M&R recommended that this Court grant in part and deny in part Elsevier's Rule 12(b)(6) motion to dismiss for failure to state a claim and deny without prejudice the motion for judicial notice.[2]

---

[1] Elsevier Ltd. also filed a motion to dismiss for lack of personal jurisdiction. (Doc. No. 42.)
[2] The M&R also recommended that this Court deny Elsevier Ltd.'s motion to dismiss for lack of personal

1

(Doc. No. 75, at 20.)

On June 18, 2024, Elsevier filed objections to the M&R's recommendation on its motion to dismiss for failure to state a claim.[3] (Doc. No. 82.) In support of its objections, Elsevier attached a Third Declaration of William S. Strong and three exhibits—including a document that appears to be a December 14, 2018 letter from Gino Ussi, an Elsevier Ltd. employee,[4] to Duke University attaching an amendment to an Elsevier Subscription Agreement, as well as a document that appears to be an Elsevier Subscription Agreement executed by Ussi and Western Carolina University. (Doc. Nos. 82-1 to 82-4.)

### III.  ARGUMENT

This Court should strike or disregard the Third Declaration of William S. Strong and exhibits thereto because the consideration of this additional evidence is not warranted under 28 U.S.C. § 636(b)(1) and is improper under Rule 12(b)(6).

Under 28 U.S.C. § 636(b)(1), a district court judge may designate a magistrate judge to submit a recommendation on the disposition of a motion to dismiss for failure to state a claim. Where a party objects to the magistrate judge's proposed findings and recommendations, the district court judge

> shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district court judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

28 U.S.C. § 636(b)(1). Although a district court judge may receive further evidence in conducting

---

jurisdiction.
[3] Elsevier Ltd. also filed separate objections to the M&R's recommendation that this Court deny its motion to dismiss for lack of personal jurisdiction. (Doc. No. 81.) Those objections are not relevant to the instant motion.
[4] Doc. No. 55-2 (Ex. 2 to Decl. Kelly A. Warlich) at 48:17–24.

2

Case 3:22-cv-00034-UJ1-DCK    Document 87    Filed 07/10/24    Page 3 of 7

a de novo review of a magistrate judge's M&R, "attempts to introduce new evidence after the magistrate judge has acted are disfavored." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010); *see also Hornsby v. United States*, 2023 U.S. Dist. LEXIS 224002, at *7 (E.D. Va. Dec. 15, 2023) (stating "attempts to raise new evidence during a district court's review of an R&R are disfavored"); *Wright v. Warden*, 2022 U.S. Dist. LEXIS 198677, at *2 (D.S.C. Oct. 31, 2022) (same); *Virgin Enters., Ltd. v. Virgin Cuts, Inc.*, 149 F. Supp. 2d 220, 223 (E.D. Va. 2000) ("While the district court may also receive further evidence which was not before the Magistrate Judge, it may decline to do so, and attempts to raise new evidence on appeal are disfavored . . . ."). "The district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Caldwell*, 831 F. Supp. 2d at 914.

Here, Elsevier has failed to provide any reasons for its submission of additional evidence in support of its objections to the M&R's recommendation on its motion to dismiss for failure to state a claim, let alone reasons sufficient to justify consideration of that evidence. This Court should strike or disregard Elsevier's additional evidence on this ground alone. *Id.* (stating that "[i]n appropriate cases," the "district court may exercise its discretion and accept further evidence when a party offers sufficient reasons for so doing"); *Wright*, 2022 U.S. Dist. LEXIS 198677, at *2 ("Attempts to introduce new evidence after the magistrate judge has acted are disfavored, though the district court may allow it when a party offers sufficient reasons for doing so." (cleaned up)).

Further, as one district court within the Fourth Circuit aptly explained, "there are substantial reasons for declining to" consider additional evidence:

> First, permitting such piecemeal presentation of evidence is exceptionally wasteful of time of both the magistrate and district judges, the former having been compelled to write an arguably useless report based on less than the universe of relevant evidence and the latter being deprived of the benefit of the magistrate judge's

3

considered view of the entire record. Second, opposing parties would be put to the burden of proceedings which, to a considerable degree, would be duplicative. Third, there would be instances in which parties would be encouraged to withhold evidence, particularly evidence which might be embarrassing as well as helpful on the merits, in the expectation of using it before the district judge only if they fail to prevail before the magistrate judge on a more abbreviated showing. Finally, the routine consideration of evidence in support of objections which could have been presented before the magistrate judge would reward careless preparation of the initial papers.

*Virgin Enters.*, 149 F. Supp. 2d at 223–24 (quoting *Morris v. Amalgamated Lithographers of Am.*, 994 F. Supp. 161, 163 (S.D.N.Y. 1998)). This reasoning likewise applies here and supports striking or disregarded the additional evidence submitted by Elsevier.

Moreover, this Court should strike or disregard Elsevier's additional evidence because consideration of such evidence is improper under Rule 12(b)(6). It is well settled that "[i]n resolving a motion pursuant to Rule 12(b)(6) . . . , a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment." *Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). While courts may consider "documents either attached or incorporated by reference into the complaint" and documents that are "authentic and integral to the complaint," the documents attached to Strong's affidavit do not fall within any of these exceptions—and notably, Elsevier does not argue that they fall within any of these exceptions. *O'Neill v. Open Water Adventures Inc.*, 2021 U.S. Dist. LEXIS 119564, at *4–5 (W.D.N.C. June 28, 2021) (declining to consider waivers submitted by defendants in support of their Rule 12(b)(6) motion to dismiss because "neither of these waivers were attached to the Complaint nor were they incorporated by reference" and "the Court cannot conclude that the waivers are both authentic and integral to the complaint so as to make it appropriate to consider them in a motion to dismiss under Rule 12(b)(6)"); *EKG Sec., Inc. v. Tailormade Protective Servs., LLC*, 2022 U.S. Dist. LEXIS 173802, at *8 (W.D.N.C. Sept. 26, 2022) (Conrad, J.) (declining to consider an affidavit submitted

4

by defendant in support of its Rule 12(b)(6) motion to dismiss).

Therefore, the Court should strike or disregard Strong's affidavit and exhibits thereto in resolving Elsevier's objections to the M&R's recommendation on its Rule 12(b)(6) motion to dismiss for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, GPS respectfully requests that the Court strike or disregard the Third Declaration of William S. Strong and exhibits thereto.

Dated: July 10, 2024

MCGUIREWOODS LLP

By: /s/ *Robert A. Muckenfuss*
Robert A. Muckenfuss (SBN #28218)
Kelly Warlich (SBN #51053)
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Tel: 704.343.2052
Fax: 704.444.8707
rmuckenfuss@mcguirewoods.com
kwarlich@mcguirewoods.com

Elizabeth Z. Timmermans (SBN #40205)
Jonathan Y. Ellis (SBN #41220)
Armina Manning (SBN #60436)
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Tel: (919) 755-6600
Fax: (919) 755-6699
eztimmermans@mcguirewoods.com
jellis@mcguirewoods.com
aamanning@mcguirewoods.com

*Attorneys for Plaintiff Global Plasma Solutions, Inc.*

## CERTIFICATION

Pursuant to this Court's June 18, 2024 Order regarding the use of artificial intelligence, the undersigned states that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

/s/ *Robert A. Muckenfuss*
Robert A. Muckenfuss (SBN #28218)

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2024, the foregoing **PLAINTIFF GLOBAL PLASMA SOLUTIONS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE OR DISREGARD THE THIRD DECLARATION OF WILLIAM S. STRONG AND EXHIBITS THERETO** was filed electronically with the Clerk of Court for the Western District of North Carolina by using the CM/ECF system. Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *Robert A. Muckenfuss*
Robert A. Muckenfuss (SBN #28218)