IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

GLOBAL PLASMA SOLUTIONS, INC.,

   *Plaintiff*,

v.

ELSEVIER INC. and ELSEVIER LTD.,

   *Defendants*.

Civil Action No. 3:22-cv-00034

## PLAINTIFF GLOBAL PLASMA SOLUTIONS, INC.'S REQUEST FOR STATUS CONFERENCE

Plaintiff Global Plasma Solutions, Inc. ("GPS") respectfully requests that the Court schedule a status conference in this matter. In support of its request, GPS states as follows:

On January 26, 2022, GPS filed its Complaint against Defendants Elsevier Inc. and Elsevier Ltd. (collectively, "Defendants") asserting claims for defamation and unfair and deceptive acts and practices in violation of N.C. Gen. Stat. § 75-1.1. (Doc. No. 1.) On April 15, 2022, Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6), (Doc. No. 11), and Elsevier Ltd. moved to dismiss the Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction, (Doc. No. 10). GPS filed its responses in opposition to Defendants' motions to dismiss contemporaneously with an alternative motion for jurisdictional discovery. (Doc. Nos. 16, 19, 20.)

On July 11, 2022, the Court entered an order granting GPS's alternative motion for jurisdictional discovery and denying without prejudice Defendants' motions to dismiss. (Doc. No. 25.) GPS conducted jurisdictional discovery, which concluded on May 5, 2023. On June 30, 2023, Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6), (Doc. No. 47), and Elsevier Ltd. filed a motion to dismiss the Complaint pursuant to Rule 12(b)(2) for lack of personal

jurisdiction, (Doc. No. 42). Defendants also moved for judicial notice of various articles and press releases about GPS's technology. (Doc. No. 49.)

On May 21, 2024, the Court issued a Memorandum and Recommendation regarding the pending motions. The Court recommended that the 12(b)(2) motion to dismiss for lack of personal jurisdiction be denied, that the 12(b)(6) motion to dismiss for failure to state a claim be granted in part and denied in part, and that the motion for judicial notice be denied without prejudice. (Doc. No. 75.) The parties filed objections to the Memorandum and Recommendation on June 18, 2024. (Doc. Nos. 80, 81, 82.) The parties filed responses to the objections on July 10, 2024. (Doc. Nos. 83, 84, 85.) Accordingly, the objections to the Memorandum and Recommendation are fully briefed and ripe for disposition.

On March 17, 2025, an order was entered on the docket stating that the case was being temporarily assigned to Unassigned Judge #1 and would be reassigned to a presiding Judge at the appropriate time. There have been no further entries on the docket.

GPS respectfully requests a status conference to address the schedule for assignment to a presiding Judge, resolution of the pending objections to the Memorandum and Recommendation, and the schedule for discovery in the case moving forward.

GPS has consulted with Defendants regarding this request for status conference. Defendants indicated they do not oppose this request.

**WHEREFORE**, GPS respectfully requests that the Court schedule and hold a status conference at its earliest convenience.

<table>
<tr><td>Dated: May 14, 2025</td><td>**MCGUIREWOODS LLP**<br><br>By: /s/ *Robert A. Muckenfuss*<br>Robert A. Muckenfuss (SBN #28218)<br>Kelly Warlich (SBN #51053)<br>201 North Tryon Street, Suite 3000</td></tr>
</table>

Charlotte, NC 28202
Tel: 704.343.2052
Fax: 704.444.8707
rmuckenfuss@mcguirewoods.com
kwarlich@mcguirewoods.com

Elizabeth Z. Timmermans (SBN #40205)
Jonathan Y. Ellis (SBN #41220)
Armina Manning (SBN #60436)
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Tel: (919) 755-6600
Fax: (919) 755-6699
eztimmermans@mcguirewoods.com
jellis@mcguirewoods.com
aamanning@mcguirewoods.com

*Attorneys for Plaintiff Global Plasma Solutions, Inc.*

# CERTIFICATION

Pursuant to this Court's June 18, 2024 Order regarding the use of artificial intelligence, the undersigned states that:

1. No artificial intelligence was employed in doing the research for the preparation of this document; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

/s/ *Robert A. Muckenfuss*
Robert A. Muckenfuss (SBN #28218)

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2025, the foregoing document was filed electronically with the Clerk of Court for the Western District of North Carolina by using the CM/ECF system. Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *Robert A. Muckenfuss*
Robert A. Muckenfuss (SBN #28218)

4

Case 3:22-cv-00034-KDB-DCK   Document 96   Filed 05/14/25   Page 4 of 4