## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

GLOBAL PLASMA SOLUTIONS, INC.,

    *Plaintiff*,

v.

ELSEVIER INC. and ELSEVIER LTD.,

    *Defendants*.

Civil Action No. 3:22-cv-00034

## PLAINTIFF GLOBAL PLASMA SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT ELSEVIER LTD.'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

# I.    INTRODUCTION

After Plaintiff Global Plasma Solutions, Inc. ("GPS") submitted substantial evidence showing Defendants Elsevier Ltd. and Elsevier Inc. operate as a single business enterprise such that they are mere alter egos, this Court concluded that it had personal jurisdiction over Elsevier Ltd. based on an alter ego theory and denied its motion to dismiss for lack of personal jurisdiction.  Elsevier Ltd. asks this Court to amend the portion of its Order finding that it had personal jurisdiction over Elsevier Ltd. based on its alter ego status and denying its motion to dismiss to state that the conditions of 28 U.S.C. § 1292(b) are met such that Elsevier Ltd. can pursue an immediate appeal.  But Elsevier Ltd. fails to show that any of the statutory requirements are met—that is, that the Order presents (1) a controlling question of law, (2) about which there is substantial ground for difference of opinion, and (3) from which an immediate appeal would materially advance the termination of the litigation.  Instead, Elsevier Ltd. makes the same arguments that it made in its original briefing and its objections to the Magistrate Judge's Memorandum and Recommendation, citing the same cases.

Specifically, Elsevier Ltd. contends that (a) a party must show each element of the three-part control test set forth in *Glenn v. Wagner*, 313 N.C. 450, 329 S.E.2d 326 (1985), to support alter ego liability and (b) whether this three-part control test is also required to show alter ego jurisdiction is a controlling question of law about

which there is substantial ground for difference of opinion.  But as GPS explained in its responses in opposition to Elsevier Ltd.'s motion and objections, a party need not show each element of the three-part control test to establish alter ego liability (or jurisdiction).  Elsevier Ltd. misreads *Glenn* and several other cases from North Carolina state and federal courts—which expressly recognize that veil piercing is an equitable doctrine that must be applied flexibly and is not subject to a rigid test or specific elements.  Therefore, the Order does not present a controlling question of law about which there is substantial ground for difference of opinion and from which an immediate appeal would materially advance the termination of the litigation. Instead, the Order involves a fact-intensive analysis about Defendants' corporate structure and operation and this Court's application of settled law to those facts, which is improper for immediate appeal under section 1292(b).  This Court must deny Elsevier Ltd.'s motion.

## II.    PROCEDURAL BACKGROUND

GPS filed its original complaint against Defendants Elsevier Ltd. and Elsevier Inc. on January 26, 2022.  (Doc. No. 1.)  On April 15, 2022, Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6), and Elsevier Ltd. also filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).  (Doc. Nos. 10, 11.)  GPS filed responses in opposition to Defendants' motions to dismiss as well as an alternative motion for jurisdictional

discovery.  (Doc. No. 20.)  On July 11, 2022, Magistrate Judge Cayer entered an order granting GPS's motion for jurisdictional discovery and denying without prejudice Defendants' motions to dismiss.  (Doc. No. 25.)  Thereafter, the parties engaged in jurisdictional discovery until May 5, 2023.

On May 24, 2023, GPS filed a motion for leave to amend its complaint, which Defendants consented to.  (Doc. Nos. 35, 37.)  The Court entered an order granting GPS's motion on June 1, 2023.  (Doc. No. 38.)  On June 30, 2023, Defendants filed a motion to dismiss the amended complaint for failure to state a claim pursuant to Rule 12(b)(6), and Elsevier Ltd. also filed a motion to dismiss the amended complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2).  (Doc. Nos. 42, 47.)  GPS filed responses in opposition to both motions.  In opposition to Elsevier Ltd.'s motion to dismiss for lack of personal jurisdiction, GPS submitted a declaration along with thirty-five exhibits to demonstrate that the Elsevier entities operate as a single business and are mere alter egos.  (Doc. Nos. 55, 56.)

On May 22, 2024, Magistrate Judge Keesler entered a Memorandum and Recommendation ("M&R") on Defendants' motions to dismiss.  (Doc. No. 75.)  With respect to Defendants' motion to dismiss for failure to state a claim, the M&R denied the motion as to GPS's defamation claim but granted the motion as to GPS's claim under N.C. Gen. Stat. § 75-1.1.  With respect to Elsevier Ltd.'s motion to dismiss for lack of personal jurisdiction, the M&R concluded that the Court had

personal jurisdiction over Elsevier Ltd. based on an alter ego theory after considering the evidence submitted by GPS, noting that the "evidence that GPS includes in its response opposing Elsevier Ltd.'s motion to dismiss is persuasive, and indeed, convincing to the undersigned that Elsevier Ltd. is an alter ego of Elsevier Inc." (Doc. No. 75, at 13.) Elsevier Ltd. filed objections to the M&R, which GPS responded to.[1] (Doc. Nos. 81, 84.)

On July 23, 2025, this Court entered an Order adopting the M&R, overruling Elsevier Ltd.'s objections thereto, and denying Elsevier Ltd.'s motion to dismiss for lack of personal jurisdiction. (Doc. No. 102.) Defendants filed their answers to the amended complaint on August 6, 2025. (Doc. Nos. 103, 104.) Counsel for the parties conducted their Initial Attorneys' Conference pursuant to the local rules and Rule 26(f) on August 14, 2025 and filed their certificate thereof and proposed discovery plan on August 21, 2025. (Doc. No. 105.) On August 22, 2025, this Court entered a Pretrial Order and Case Management Plan. (Doc. No. 106.) The deadline for the parties to complete discovery is April 24, 2026, and trial is set for the first civil trial term beginning on or after August 31, 2026.

On August 29, 2025, Elsevier Ltd. filed the instant motion pursuant to 28 U.S.C. § 1292(b) requesting that the Court amend its July 23, 2025 Order to state

---

[1] GPS and Defendants also filed objections to the portion of the M&R addressing Defendants' motion to dismiss for failure to state a claim.

that the statutory conditions have been met with respect to the portion of the Order on Elsevier Ltd.'s motion to dismiss for lack of personal jurisdiction. (Doc. No. 107.)

## III. LEGAL STANDARD

"Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if (1) the order involves a controlling question of law, (2) about which there is substantial ground for difference of opinion, and (3) immediate appeal would materially advance the termination of the litigation." *Long v. CPI Sec. Sys.*, 2013 U.S. Dist. LEXIS 99063, at *2 (W.D.N.C. July 15, 2013). "The Fourth Circuit has made clear that § 1292(b) 'should be used sparingly' and 'its requirements must be strictly construed.'" *Karzo v. Matador Records, Inc.*, 2022 U.S. Dist. LEXIS 206669, at *2 (M.D.N.C. Nov. 15, 2022) (quoting *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989))). "Interlocutory appeals are an exception to the deep-rooted rule limiting appeals to final judgments and, therefore, are appropriate only in rare circumstances." *Avadis v. Azar*, 2022 U.S. Dist. LEXIS 159873, at *4 (W.D.N.C. Sept. 6, 2022). "Put differently, the certification of an interlocutory appeal requires exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments." *Martin v. Garrett*, 2020 U.S. Dist. LEXIS 145119, at *3 (W.D.N.C. Aug. 13, 2020). "The party seeking certification bears the

burden of persuading the court that exceptional circumstances exist." *Hatch v. Demayo*, 2018 U.S. Dist. LEXIS 169737, at *4 (M.D.N.C. Sept. 29, 2018).

## IV. ARGUMENT

Elsevier Ltd. argues that the Order presents the following controlling question of law on which there is substantial ground for difference of opinion: "whether, in determining if it can exercise personal jurisdiction over a foreign defendant on 'alter ego' grounds, a court in North Carolina must apply the same standard as applies to the determination of alter ego liability." (Doc. No. 108, at 4.) Elsevier Ltd. contends that to show alter ego liability, North Carolina requires proof of each element of the three-part control test set forth in *Glenn v. Wagner*, 313 N.C. 450 (1985): (1) the defendant exercised such control over the corporation such that it had no separate mind, will or existence of its own, (2) the defendant used such control to commit a wrong or to commit a dishonest and unjust act, and (3) such control caused the injury or loss complained of. (Doc. No. 108, at 4–5.) Elsevier Ltd. asserts that the M&R, and the Order adopting the M&R, did not require the second and third elements before finding that Defendants were alter egos, which Elsevier Ltd. asserts was "[p]resumably because the Magistrate Judge viewed the [alter ego] standard as less stringent" for jurisdiction than for liability. (Doc. No. 108, at 4.) Finally, Elsevier Ltd. argues that if the Court must apply the alter ego test for liability such that GPS

must show all three elements in order to support alter ego jurisdiction, then Elsevier Ltd. would be dismissed. (Doc. No. 108, at 5.)

Before addressing whether the issue presented by Elsevier Ltd. satisfies the requirements of section 1292(b), it is necessary to briefly address the incorrect legal premise underlying the issue presented by Elsevier Ltd.—contrary to Elsevier Ltd.'s assertion, it is not necessary to show all three elements of the three-part control test to establish alter ego liability. Instead, as discussed further in Section IV.B, *infra*, the case law is in agreement that while the three-part control test is *sufficient* to establish alter ego status, it is not *necessary*—"North Carolina courts recognize the equitable nature of alter ego theory; as a result, they do not focus on the presence or absence of a particular factor, but instead apply the doctrine flexibly to avoid injustice." *Hayward Industries v. Ningbo C.F. Electronic Tech Co., Ltd.*, 2021 U.S. Dist. LEXIS 101030, at *14 (W.D.N.C. May 27, 2021); *Avanti Hearth Prods., LLC v. Janifast, Inc.*, 2010 U.S. Dist. LEXIS 79735, at *13–14 (W.D.N.C. Aug. 6, 2010) (same); *see also Glenn*, 350 N.C. at 454, 329 S.E.2d at 330 ("It is well recognized that courts will disregard the corporate form or 'pierce the corporate veil,' and extend liability for corporate obligations beyond the confines of a corporation's separate entity, whenever necessary to prevent fraud or to achieve equity.").

Indeed, that it is not necessary to show each element of the three-part control test to establish alter ego liability is plain from one of the cases that Elsevier Ltd.

7

cites—*Microspace Communications Corp. v. Guest-Tek Interactive Entm't, Inc.*, 2015 U.S. Dist. LEXIS 108050 (E.D.N.C. Aug. 17, 2015)—which, contrary to Elsevier Ltd.'s assertion, addresses alter-ego *liability*, not jurisdiction. In *Microspace*, the court recognized that "[t]he *Glenn* court specifically rejected the idea that in order to apply the instrumentality rule a situation had to meet some rigid outline of elements." *Id.* at *6. The court went on to conclude that the allegations of the complaint were sufficient to plead alter ego liability based on the corporate defendants' operation as a single business—notwithstanding that the complaint did not make any allegations to satisfy the three-part control test:

> The substance versus form concept that the *Glenn* court relied on in making its decision is present here. [Plaintiff] argues that GT LTD and GT Inc. function as a single business enterprise in substance. The court agrees. In its argument, [Plaintiff] relies on several compelling allegations. The two companies, GT LTD and GT Inc. advertise themselves as having a main office (GT LTD's office in Alberta, Canada) and a United States office (GT Inc.'s office in Los Angeles, California). The two companies have the same president, chief financial officer, and chief operating officer. GT Inc.'s California office address was listed on the checks to [Plaintiff] for GT LTD's bandwidth rental. GT Inc. is the portion of Guest-Tek registered to do business in North Carolina.

> Accepting all of the allegations of the Verified Complaint as true, GT Inc.'s contention that it is a separate and distinct entity from GT LTD is unpersuasive. The companies have elected to advertise in a way that makes them appear to be the same company; they have identical corporate leadership; they intermingle their bills. Indeed, GT LTD appears to use GT Inc. to conduct its business in North Carolina. GT Inc. would therefore be an instrumentality of GT LTD to conduct business. There is no indication in these facts that GT Inc. does anything separate and distinct from GT LTD. Rather, the facts indicate

that GT LTD and GT Inc. are, in substance, a single business enterprise. The court finds [Plaintiff]'s assertion that the alter ego doctrine applies states a plausible claim for relief against GT Inc.

*Id.* at *6–8 (citations omitted).

Therefore, Elsevier Ltd.'s proposed issue of law—whether the three-part control test that it asserts is required for alter ego liability must be shown to establish alter ego jurisdiction—is fatally flawed in that it incorrectly assumes that the three-part control test is required for alter ego liability. Nevertheless, as discussed further below, Elsevier Ltd. fails to carry its heavy burden to show that the Order satisfies the statutory requirements to warrant the extraordinary remedy of an interlocutory appeal.

### A. Elsevier Ltd. has failed to show that the Order presents a controlling question of law.

Elsevier Ltd. must first show that the Order presents a "controlling question of law." 28 U.S.C. § 1292(b). "This requirement is divided into two components: the question must be one of law and it must be controlling. To be a question of law appropriate for interlocutory review, that question must be 'a pure question of law, i.e., an abstract legal issue that the district court can decide quickly and cleanly.'" *Apex Funding Source, LLC v. Williams Land Clearing, Grading & Timber Logger, LLC*, 2024 U.S. Dist. LEXIS 138560, at *4 (Aug. 5, 2024) (cleaned up) (quoting *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 341 (4th Cir. 2017)). And "[t]hat question of law must not turn on genuine issues of fact or

depend on whether the court properly applied settled law to the facts." *Id.* Further, "for that 'pure question of law' to be controlling, reversal of the [district] court's order must either end the case or materially affect the outcome of the litigation." *Id.* at *4–5.

Elsevier Ltd. has failed to show that the Order presents a question of law, let alone one that is controlling. "The corporate veil may be pierced in North Carolina to 'prevent fraud or to achieve equity.'" *Epic Tech, LLC v. STHR Grp., LLC*, 2015 U.S. Dist. LEXIS 163486, at *34 (M.D.N.C. Dec. 7, 2015) (quoting *Strategic Outsourcing, Inc. v. Stacks*, 176 N.C. App. 247, 253, 625 S.E.2d 800, 804 (2006)). Piercing the corporate veil is an equitable doctrine that depends on the facts regarding the corporation and its operation. *Id.* at *34–37; *Crown Equip. Corp. v. Brady*, 2024 U.S. Dist. LEXIS 51439, at *30 (W.D.N.C. Feb. 23, 2024); *see also Avanti*, 2010 U.S. Dist. LEXIS 79735, at *13–14 (stating "North Carolina courts recognize the equitable nature of alter ego theory; as a result, they do not focus on the presence or absence of a particular factor, but instead apply the doctrine flexibly to avoid injustice"). Indeed, as *Glenn* recognized, "[t]he circumstances which have been considered significant by the courts in actions to disregard the corporate fiction have been rarely articulated with any clarity. Perhaps this is true because the circumstances necessarily vary according to the circumstances of each case, and every case where the issue is raised is to be regarded as sui generis to be decided in

accordance with its own underlying facts." *Glenn*, 313 N.C. at 458–59, 329 S.E.2d 326, at 332–33 (cleaned up) (quoting *DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.*, 540 F.2d 681, 684 (4th Cir. 1976)).

Consistent with the fact-dependent nature of the alter-ego analysis, the M&R concluded that Defendants were alter egos after considering the extensive evidence that GPS submitted, including evidence showing that Defendants are part of an organization that is excessively fragmented, share one legal department, are represented by the same counsel, have substantial overlap in officers and directors, enter into a single contract with each customer, share a centralized accounts payable and accounts receivable system, and otherwise function as a single business enterprise. (Doc. No. 75, at 12–13.) This type of factually inherent analysis is inappropriate for interlocutory review. *Avadis*, 2022 U.S. Dist. LEXIS 159873, at *7 ("An appeal that would require the court to delve into the facts of the case is not well-suited for interlocutory review."); *Hampton Univ. v. Accreditation Council for Pharm. Educ.*, 2022 U.S. Dist. LEXIS 184393, at *8 (E.D. Va. Oct. 7, 2022) ("Even where the question presented is a legal one, if resolution of that issue is rooted in the facts of a particular case, the question is not proper for interlocutory review.").

Even assuming *arguendo* that Elsevier Ltd. has shown that the Order presents a question of law, it has not shown that such question is controlling because reversal of this Court's order would not "end the case or materially affect the outcome of the

litigation." *Apex Funding Source*, 2024 U.S. Dist. LEXIS 138560, at *5. As an initial matter, Elsevier Ltd.'s contention that it would be dismissed if the Court concludes that each element of the three-part control test must be satisfied to support alter ego jurisdiction is not correct. Indeed, the M&R expressly recited the three-part control test and rejected Elsevier Ltd.'s argument that defamation did not fall within the second element of that test. (Doc. No. 75, at 11 n.1 ("Defendant Elsevier Ltd. conclusorily argues that defamation does not fall within the second prong of the *Glenn* test with respect to the harm alleged. The undersigned finds it difficult to see how defamation or violation of the UDTPA would not be covered by the broad language of *Glenn*'s second prong, which covers 'fraud or wrong, perpetration of the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights.'" (cleaned up)).)

Nevertheless, even accepting as true Elsevier Ltd.'s contention that it would be dismissed if the appellate court were to conclude that each element of the three-part control test must be satisfied to show alter ego jurisdiction, that is insufficient to render the question "controlling." Even if Elsevier Ltd. were to be dismissed, the case would still proceed on the exact same claim against Elsevier Inc. Accordingly, the question of Elsevier Ltd.'s alter ego status is not controlling for purposes of section 1292(b). *Karzo*, 2022 U.S. Dist. LEXIS 206669, at *3 ("A question of law

is generally considered to be controlling within the meaning of § 1292(b) if the action would have been terminated had the district court ruled the opposite way.").

In short, Elsevier Ltd. has not met its burden to show that the Order presents a controlling question of law. This is fatal to certification under section 1292(b). *Hatch*, 2018 U.S. Dist. LEXIS 169737, at *3 ("[I]f any requirement is not satisfied, certification [under section 1292(b)] is inappropriate.").

**B.    Even assuming Elsevier Ltd. has shown a controlling question of law, Elsevier Ltd. has failed to show a substantial ground for difference of opinion.**

To warrant certification under section 1292(b), Elsevier Ltd. must also show that there is a substantial ground for difference of opinion on the controlling question of law. "An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue." *Id.* at *4. But "[a] simple disagreement between courts will not merit certification." *Avadis*, 2022 U.S. Dist. LEXIS 159873, at *8. "A substantial ground for disagreement may arise if there is a novel and difficult issue of first impression, or if there is a circuit split and the controlling circuit has not commented on the conflicting issue." *Hatch*, 2018 U.S. Dist. LEXIS 169737, at *3 (cleaned up). "In other words, for interlocutory appeals, it matters not whether the lower court simply got the law wrong, but whether courts themselves disagree as to what the law is." *Avadis*, 2022 U.S. Dist. LEXIS 159873, at *8. "[A] mere belief that the [district] court wrongly decided the issue or

incorrectly applied the governing legal standard does not present a substantial ground for difference of opinion." *Apex Funding Source*, 2024 U.S. Dist. LEXIS 138560, at *5.

Elsevier Ltd. argues that there is a substantial ground for difference of opinion because "courts in this Circuit have taken divergent and irreconcilable paths," asserting that some courts "have held that the alter ego rule is less stringent for jurisdiction than for liability" and that other courts "have explicitly stated the opposite—namely, that all three elements of the *Glenn* instrumentality rule must be met to determine jurisdiction." (Doc. No. 108, at 8–11.) Elsevier Ltd.'s argument is without merit and relies on the same case law that it relied on in its original briefing as well as its objections to the M&R.

As in its original briefing and its objections to the M&R, Elsevier Ltd. has not cited a single case that supports its argument that satisfaction of the three-part control test is necessary to establish alter ego status for purposes of either jurisdiction or liability. Elsevier Ltd. cites six cases that it contends hold that all elements of the three-part control test must be met to establish alter ego jurisdiction. GPS addresses each in turn.

Elsevier Ltd. first cites *Pfizer Inc. v. Synthon Holding, B.V.*, 386 F. Supp. 2d 666 (M.D.N.C. 2005). (Doc. No. 108, at 9–10.) In *Pfizer*, the court concluded that a subsidiary was an alter ego of its parent company such that the court's personal

jurisdiction over the parent extended to the subsidiary. 386 F. Supp. 2d at 678–79. The court concluded that the three-part control test was satisfied and, thus, there was no need for the court to consider the single business theory of veil-piercing at issue in this case. *Id.* Nevertheless, the court recognized that "'where an affiliated corporation is without a separate and distinct corporate identity and is operated as a mere shell, created to perform a function for an affiliated corporation or its common shareholders,' the corporate identity should be disregarded." *Id.* at 679 (quoting *Glenn*, 313 N.C. at 457, 329 S.E.2d at 331).

Elsevier Ltd. next cites *Anderson v. Dobson*, 2006 U.S. Dist. LEXIS 32668 (W.D.N.C. May 22, 2006) and *Jacobs v. Stein*, 2017 U.S. Dist. LEXIS 37080 (W.D.N.C. Mar. 15, 2017). (Doc. No. 108, at 10.) Neither *Anderson* nor *Jacobs* support Elsevier Ltd.'s argument that satisfaction of the three-part control test is necessary to establish an alter ego relationship for purposes of jurisdiction. In *Anderson*, the court concluded that it did not have personal jurisdiction over the third-party corporate defendant based on an alter ego theory because the record was completely devoid of any arguments or allegations to support an alter ego theory:

> Defendants' answer, counterclaim, and third-party complaint provides no basis whatsoever to conclude that [the third-party corporate defendant] is the "alter ego" of the Plaintiff. In fact, Defendants' only argument regarding "alter ego" is that "[the third-party corporate defendant] is a 'nominal' Massachusetts corporation: it has no employees, no physical assets, no outstanding stock. It has one officer, one director and one registered agent for service, all the same person: Ted Anderson." Such argument is insufficient to pierce the corporate

> veil under either Massachusetts or North Carolina law; therefore, the "alter ego" theory does not provide a basis for personal jurisdiction in this case.

2006 U.S. Dist. LEXIS 32668, at *20 (cleaned up). And in *Jacobs*, the court concluded that the defendant had sufficient minimum contacts with the forum state to support the exercise of personal jurisdiction over him. 2017 U.S. Dist. LEXIS 37080, at *11. After concluding that the court had personal jurisdiction over the defendant based on a traditional minimum contacts analysis, the court elected to "*sua sponte*[] analyze this case under the 'alter ego' theory of personal jurisdiction," notwithstanding that no such theory was argued by the plaintiff and the court already concluded it had personal jurisdiction over the defendant. *Id.* at *11–12. The court concluded that it did not have personal jurisdiction over the defendant based on an alter ego theory, which conclusion was mere dicta and did not address the single business theory of veil piercing given that the court had already concluded it had personal jurisdiction based on a traditional minimum contacts analysis. *Id.* at *11–15.

The fourth case that Elsevier Ltd. identifies as holding that all elements of the three-part control test must be shown to establish alter ego jurisdiction is *Jahagirdar v. Comput. Haus NC, Inc.*, 2021 U.S. Dist. LEXIS 75239 (W.D.N.C. Apr. 20, 2021). (Doc. No. 108, at 10.) In that case, plaintiffs sought to establish personal jurisdiction over two corporate defendants by reverse piercing the corporate veil such that the

corporations were alter egos of the individual defendant. *Id.* at *15. In determining this issue, the court recited *Glenn*'s three-part control test and, critically—consistent with *Glenn*—it recognized that satisfaction of the three-part control test was *sufficient* to establish alter ego status, but did not state that it was *necessary* to establish alter ego status. *Id.* at *16 ("Under North Carolina law, a defendant *qualifies* as an alter ego of another defendant if the plaintiff establishes the following three elements: . . . ." (emphasis added)). With respect to one of the corporate defendants, the court concluded that plaintiffs' allegations were insufficient to support that it was an alter ego because they failed to allege that the company was "in any way connected to" the individual defendant whom they sought to establish alter ego status with. *Id.* at *18. With respect to the other corporate defendant, the court concluded that plaintiffs' allegations were sufficient to warrant jurisdictional discovery. Those allegations did not fit the three-part control test and instead were limited to alleging that the individual defendant runs the company, the company was undercapitalized, and no corporate formalities were kept. *Id.* at *19–20.

The last two cases that Elsevier Ltd. cites as holding that all elements of the three-part control test must be met to establish alter ego jurisdiction are *Strategic Outsourcing, Inc. v. Stacks*, 176 N.C. App. 247, 625 S.E.2d 800 (2006) and *Fischer Inv. Capital, Inc. v. Catawba Dev. Corp.*, 200 N.C. App. 644, 689 S.E.2d 143 (2009). (Doc. No. 108, at 12.) In *Strategic Outsourcing*, the North Carolina Court of

Appeals affirmed the trial court's conclusion that its personal jurisdiction over a foreign corporation's president extended to the foreign corporation based on an alter ego theory. 176 N.C. App. at 254, 625 S.E.2d at 805. The court concluded that plaintiff's allegations were sufficient to establish the three-part control test. *Id.* Accordingly, there was no need for the court to consider the single business theory of veil piercing at issue in this case.

The same is true of *Fischer*. In that case, the plaintiff brought a claim to pierce the corporate veil based on allegations to support the three-part control test. 200 N.C. App. at 648, 689 S.E.2d at 146. The trial court granted defendants' motion to dismiss for failure to state a claim, concluding that plaintiff failed to allege a veil piercing claim. *Id.* at 649, 689 S.E.2d at 147. The North Carolina Court of Appeals reversed, concluding that plaintiff sufficiently alleged facts to support the three-part control test. *Id.* at 652–53, 689 S.E.2d at 149. Thus, as in *Strategic Outsourcing*, there was no need for the court to consider the single business theory of veil piercing at issue in this case.

In short, Elsevier Ltd. has not cited a single case that supports its argument that a party must satisfy the three-part control test to establish alter ego for jurisdictional purposes (or for liability). It necessarily follows that there is not substantial ground for difference of opinion as to whether alter ego jurisdiction requires satisfaction of the three-part control test. *Hampton Univ.*, 2022 U.S. Dist.

LEXIS 184393, at *13 (finding there was not substantial ground for difference of opinion where plaintiff "fails to provide any case law that indicates contrasting or differing opinions on the" question of law presented). Elsevier Ltd.'s disagreement with this Court is insufficient to warrant the extraordinary remedy of interlocutory review. *Nat'l Interstate Ins. Co. v. Morgan & Sons Weekend Tours, Inc.*, 2016 U.S. Dist. LEXIS 39881, at *7 (M.D.N.C. Mar. 28, 2016) ("Plaintiff has presented no substantial ground for a difference of opinion other than counsel's disagreement with this court's order, which is not enough to justify an immediate appeal.").

### C. Immediate appeal would not materially advance the termination of the litigation.

Even assuming *arguendo* that Elsevier Ltd. has shown a controlling question of law on which there is substantial ground for difference of opinion (it has not), this Court must deny certification because Elsevier Ltd. has failed to show that immediate appeal would materially advance the termination of the litigation. "In determining whether certification will materially advance the ultimate termination of the litigation, a district court should consider whether an immediate appeal would: (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Hampton Univ.*, 2022 U.S. Dist. LEXIS 184393, at *13–14.

Here, immediate appeal of the Order would not do any of the foregoing. As discussed above, Elsevier Ltd.'s contention that it would be dismissed if the Court

concludes that each element of the three-part control test must be satisfied to support alter ego jurisdiction is not correct. Indeed, the M&R expressly recited the three-part control test and rejected Elsevier Ltd.'s argument that defamation did not fall within the second element of that test. (Doc. No. 75, at 11 n.1.) But even if Elsevier Ltd. were correct that it would be dismissed if the Fourth Circuit held that the three-part control test must be satisfied to show alter ego jurisdiction, the dismissal of Elsevier Ltd. would not eliminate the need for trial, eliminate complex trial issues, or eliminate issues from discovery. Instead, even if Elsevier Ltd. were to be dismissed, the case would still proceed on the exact same claim against Elsevier Inc. Accordingly, for the same reasons that the Order does not present a "controlling" question of law, immediate appeal of the Order would not materially advance the termination of the litigation. *See Avadis*, 2022 U.S. Dist. LEXIS 159873, at *10 (stating "the speculative fact that certification may save pre-trial and trial effort and expense can be said of any interlocutory appeal and it is therefore insufficient on its own to permit an interlocutory appeal" (cleaned up)).

*　　*　　*

At bottom, Elsevier Ltd. has failed to show the requisite "exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments." *Hampton Univ.*, 2022 U.S. Dist. LEXIS 184393, at *7. This case has been pending for more than three years and should not be further delayed.

"[A]n interlocutory appeal here would likely impede, rather than expedite, the progress of this case, thereby potentially prolonging its disposition, creating more litigation and expense, and causing an inefficient use of judicial resources." *Karzo*, 2022 U.S. Dist. LEXIS 206669, at *4–5.

## V.    CONCLUSION

Elsevier Ltd. has failed to show that the Order presents a controlling question of law about which there is substantial ground for difference of opinion and from which an immediate appeal would materially advance the ultimate termination of the litigation.   Therefore, this Court must deny Elsevier Ltd.'s motion for certification under 28 U.S.C. § 1292(b).


Dated: September 12, 2025                **McGuireWoods LLP**

                                        By:  /s/ *Robert A. Muckenfuss*
                                             Robert A. Muckenfuss (SBN #28218)
                                             Kelly Warlich (SBN #51053)
                                             201 North Tryon Street, Suite 3000
                                             Charlotte, NC 28202
                                             Tel: 704.343.2052
                                             Fax: 704.444.8707
                                             rmuckenfuss@mcguirewoods.com
                                             kwarlich@mcguirewoods.com

                                             Elizabeth Z. Timmermans (SBN #40205)
                                             Jonathan Y. Ellis (SBN #41220)
                                             Armina Manning (SBN #60436)
                                             501 Fayetteville Street, Suite 500
                                             Raleigh, NC 27601
                                             Tel: (919) 755-6600

Fax: (919) 755-6699
eztimmermans@mcguirewoods.com
jellis@mcguirewoods.com
aamanning@mcguirewoods.com

*Attorneys for Plaintiff Global Plasma
Solutions, Inc.*

**CERTIFICATION**

Pursuant to this Court's June 18, 2024 Order regarding the use of artificial intelligence, the undersigned states that:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

/s/ *Robert A. Muckenfuss*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of September, 2025, the foregoing **PLAINTIFF GLOBAL PLASMA SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT ELSEVIER LTD.'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** was filed electronically with the Clerk of Court for the Western District of North Carolina by using the

CM/ECF system.  Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *Robert A. Muckenfuss*