THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00034-MR-DCK

| | |
|---|---|
| GLOBAL PLASMA SOLUTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ELSEVIER INC. and ELSEVIER LTD., ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Defendant Elsevier Ltd.'s Amended Motion for Certification of Interlocutory Appeal [Doc. 109].

I. **PROCEDURAL BACKGROUND**

On January 26, 2022, the Plaintiff Global Plasma Solutions, Inc. initiated this action against the Defendants Elsevier Inc. and Elsevier Ltd. for defamation and unfair and deceptive trade practices. [Doc. 1]. On June 30, 2023, the Defendants moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6), and Defendant Elsevier Ltd. moved to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). [Doc. 42; Doc. 47]. On May 22, 2024, once both motions were fully briefed, the Magistrate Judge filed a Memorandum and Recommendation ("M&R") recommending, among other

things, that Elsevier Ltd.'s motion to dismiss pursuant to Rule 12(b)(2) be denied. [Doc. 75]. On July 23, 2025, the Court[1] entered an Order overruling the objections and accepting the M&R's recommendations in full. [Doc. 102]. The Defendants each filed an Answer to the First Amended Complaint on August 6, 2025. [Doc. 103; Doc. 104].

Defendant Elsevier Ltd. now moves the Court to certify the denial of Elsevier Ltd.'s motion to dismiss pursuant to Rule 12(b)(2) for interlocutory appeal. [Doc. 107; Doc. 109]. Specifically, Elsevier Ltd. challenges the Court's application of North Carolina's alter ego test to find that the Plaintiff had sufficiently alleged that Elsevier Ltd. and Elsevier Inc. are alter egos for the purpose of jurisdiction. [Doc. 108]. The Plaintiff filed a Response to Elsevier Ltd.'s motion on September 12, 2025. [Doc. 111]. Elsevier Ltd. did not file a Reply.

Having been fully briefed, the instant motion is ripe for disposition.

II. DISCUSSION

Certification of a matter for interlocutory appeal under 28 U.S.C. § 1292(b) is an "extraordinary remedy" that should be used sparingly. Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989). Interlocutory appeals are an

---

[1] This matter was reassigned to the undersigned on July 23, 2025, following the retirement of the previously assigned judge.

exception to the deep-rooted rule limiting appeals to final judgments, and, therefore, are appropriate only in rare circumstances. See id. Put differently, the certification of an interlocutory appeal requires exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The rationale for granting interlocutory appeals only in exceptional circumstances was articulated by the Supreme Court in Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370 (1987):

> As we have noted in the past, the finality rule of § 1291 protects a variety of interests that contribute to the efficiency of the legal system. Pretrial appeals may cause disruption, delay, and expense for the litigants; they also burden appellate courts by requiring immediate consideration of issues that may become moot or irrelevant by the end of trial. In addition, the finality doctrine protects the strong interest in allowing trial judges to supervise pretrial and trial procedures without undue interference.

Id. at 380.

To meet the high standard to pursue an interlocutory appeal, the movant has the burden of meeting all three elements set out in the statute. The movant must prove that the certified issue (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

3

"Further, even when the requirements of section 1292(b) are satisfied, the district court has unfettered discretion to decline to certify an interlocutory appeal if exceptional circumstances are absent." Lineberger v. CBS Corp., No. 1:16-CV-390-MR-DLH, 2017 WL 4448241, at *1 (W.D.N.C. Oct. 5, 2017) (internal quotation marks omitted); see also Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F. Supp. 2d 139, 162-66 (E.D.N.Y. 1999) (reviewing the legislative history, congressional design, and case law and concluding that all three sources "indicate that district court judges retain unfettered discretion to deny certification of an order for interlocutory appeal even where the three legislative criteria of section 1292(b) appear to be met").

A "pure question of law" is "an abstract legal issue that the court of appeals can decide quickly and cleanly." United States ex rel. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 340 (4th Cir. 2017) (internal quotation marks omitted). The Fourth Circuit has made clear that "the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." Fannin v. CSX Transp., Inc., No. 88-8120, 1989 WL 42583, at *5 (4th Cir 1989) (unpublished). "Conversely, a question of law is not controlling if litigation

4

will 'necessarily continue regardless of how that question [is] decided.'" David v. Alphin, No. 3:07-cv-11-RJC-DLH, 2009 WL 3633889, at *3 (W.D.N.C. Oct. 30, 2009) (quoting North Carolina ex rel. Howes v. W.R. Peele, Sr. Tr., 889 F. Supp. 849, 853 (E.D.N.C. 1995)). Moreover, if resolution of a question of law is "rooted in the facts of a particular case, the question is not proper for interlocutory review." Martin v. Garrett, No. 1:17-cv-350-MOC-WCM, 2020 WL 4700717, at *2 (W.D.N.C. Aug. 13, 2020) (citing Fannin, 1989 WL 42583, at *5 (expressing reluctance to evaluate legal questions "heavily freighted with the necessity for factual assessment" on interlocutory appeal)).

Here, Elsevier Ltd. argues that the Court misapplied North Carolina's three-element alter ego test in finding that the Plaintiff had adequately alleged that Elsevier Ltd. and Elsevier Inc. are alter egos. [Doc. 108 at 3-8]. Accordingly, Elsevier Ltd. articulates two relevant questions of law for certification: (1) "whether the test for alter ego jurisdiction is or is not 'less stringent' than the test for alter ego liability," and (2) "whether the other two elements of North Carolina's alter ego test—that 'such control must have been used by the defendant to commit fraud or wrong' and that '[t]he aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of'—apply to jurisdiction in the same manner as they

5

do to liability." [Doc. 108 at 8]. These are both questions of law that can be addressed without a detailed examination of the factual record.

However, the resolution of neither of these questions would necessarily effectuate the disposition of this case. As such, neither question is controlling. First, the litigation will necessarily continue regardless of how either question is decided. Assuming both that the Fourth Circuit decides the certified questions in Elsevier Ltd.'s favor and that the Fourth Circuit's decision leads to Elsevier Ltd.'s dismissal, the remaining Defendant, Elsevier Inc., would still face trial on the defamation issue. Elsevier Ltd. argues that its dismissal would result in "a dramatic narrowing of this case" because Elsevier Ltd., and not Elsevier Inc., published the allegedly defamatory article. [Doc. 108 at 13]. However, as Elsevier Ltd. recognizes, the Court accepted the Amended Complaint's well-pled allegation that Elsevier Inc. participated in the publication of the allegedly defamatory article, and that finding is not part of the interlocutory appeal that Elsevier Ltd. seeks. [Doc. 75 at 13; Doc. 108 at 13-14].

Second, a ruling from the Fourth Circuit favorable to Elsevier Ltd. may not result in its own dismissal. Even if the Fourth Circuit were to hold in its favor that the jurisdictional test for alter egos is just as stringent as the alter ego liability test and that all three elements are required for jurisdiction, such

6

would not eliminate the possibility of a finding that Elsevier Ltd. is an alter ego of Elsevier Inc. As set forth in the Memorandum and Recommendation, there is a broad range of factors for treating the entities as alter egos: they share one legal department, are represented by the same counsel, enter into a single contract with each customer, share a centralized accounts payable and accounts receivable system, and the CFO for Elsevier Ltd. also executes documents on behalf of Elsevier Inc. [Doc. 75 as 12-13]. Those factors support the first prong of North Carolina's alter ego test, which concerns the unified control of the corporate entities, but they may also indirectly support the second prong, which concerns the use of that control to commit the violation at issue. Moreover, the Court rejected Elsevier Ltd.'s argument regarding the second prong of the alter ego test, and that finding would not be disturbed on interlocutory appeal. [Doc. 75 at 11 n.1 (finding it "difficult to see how defamation . . . would <u>not</u> be covered by the broad language of <u>Glenn</u>'s second prong")]. As a result, a ruling on appeal favorable to Elsevier Ltd. could fail to have any material effect on the litigation.

Because litigation of the defamation issue will continue regardless of the result of the interlocutory appeal, and because a favorable result on appeal may not lead to Elsevier Ltd.'s dismissal, the Court concludes that the proposed certified questions are not controlling questions of law. For the

7

same reasons, the Court also finds that an immediate appeal would not materially advance the ultimate termination of the litigation.[2]

Accordingly, the Court will decline to certify the denial of Elsevier Ltd.'s motion to dismiss pursuant to Rule 12(b)(2) for interlocutory appeal.

## III. CONCLUSION

For the foregoing reasons, the Court will decline to certify the denial of Elsevier Ltd.'s motion to dismiss pursuant to Rule 12(b)(2) for interlocutory appeal.

## O R D E R

**IT IS THEREFORE ORDERED** that Defendant Elsevier Ltd.'s Amended Motion for Certification of Interlocutory Appeal [Doc. 109] is **DENIED**.

**IT IS SO ORDERED.**  Signed: September 29, 2025

Martin Reidinger
Chief United States District Judge

---

[2] Having found that the relevant questions of law are not controlling and that an immediate appeal would not materially advance the ultimate termination of this litigation, the Court need not address whether substantial difference of opinion exists regarding the relevant questions of law. Nevertheless, having reviewed the cases Elsevier Ltd. cites to establish a substantial difference of opinion, the Court finds Elsevier's Ltd.'s argument regarding a substantial difference of opinion unpersuasive.