UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00034-KDB-WCM

| | |
|---|---|
| GLOBAL PLASMA SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELSEVIER INC. and ELSEVIER LTD., <br><br> Defendants. | **BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY** |

Defendants Elsevier Inc. and Elsevier Ltd. (together, "Elsevier") respectfully

submit this brief in opposition to Plaintiff Global Plasma Solutions, Inc.'s ("GPS")

Motion for Leave to File Surreply.

## ARGUMENT

GPS should not be permitted to file an extra brief solely because it

squandered its earlier opportunity to oppose Defendants' Motion for Leave to

Amend Their Answers ("Motion"). "The filing of sur-replies is generally

disfavored in this Court." *2 Hounds Design, Inc. v. Brezinski*, No. 3:13-CV-101-

RJC-DCK, 2014 WL 1713785, at *5 (W.D.N.C. May 1, 2014). This Court's

Pretrial Order goes further, providing that leave to file a surreply may be sought

only "in exceptional circumstances." Pretrial Order and Case Management Plan, at

3 (Doc. 168). GPS has shown no such circumstances here, and its Motion should be denied for three independent reasons.

*First*, GPS filed its proposed surreply in violation of the Court's Pretrial Order. The Pretrial Order expressly provides that "[p]arties may not file a proposed surreply, as an exhibit to a motion seeking leave or otherwise, prior to leave being granted." *Id*. GPS did exactly that, attaching a thirteen-page proposed surreply as Exhibit 1 to its motion. *See* Exhibit 1 to Motion for Leave to File Surreply (Doc. 178-1). This is not a technicality. The rule exists to prevent parties from placing unauthorized briefing before the Court and forcing the opposing party to respond to additional arguments that should never have been made. GPS's disregard of this requirement is itself sufficient reason to deny its motion for surreply and strike the unauthorized briefing from the docket.

*Second*, no surreply is warranted because Defendants' reply briefing raised no new arguments and appropriately responded to the arguments that GPS itself chose to raise in its opposition to Defendants' Motion. In their proposed amended answers, Defendants identified the decision in the Texas Action that established GPS to be a limited-purpose public figure, which changes GPS's burden of proof for its defamation claim. *See* Proposed Amended Answer of Elsevier, Inc. at 18 (Doc. 164-1); Proposed Amended Answer of Elsevier, Ltd. at 20 (Doc. 164-2). In opposition, GPS took the position that Defendants' collateral estoppel defense

would be futile because "such an interlocutory order is insufficient to support the application of the collateral estoppel defense" under Texas law.  GPS Opposition to Motion at 5 (Doc. 173).  Defendants' reply then explained why the Joint Stipulation of Dismissal that GPS filed in the Texas Action undermined GPS's argument in opposition to Defendants' motion.  Reply Brief in Further Support of Motion, at 4-5 (Doc. 176).  Having chosen to argue that the partial summary judgment order was not final because it was interlocutory, GPS cannot now claim surprise that Defendants responded with GPS's own stipulation that defeats its argument.[1]  *See* GPS Motion for Leave to File Surreply, at 2.

Defendants' reply did nothing more than respond to GPS's finality argument on its own terms—which is the purpose of a reply brief.  Explanations in a reply brief that "are iterations of, or related to, [] previously raised arguments" do not warrant a surreply.  *McClatchy Co. v. Town of Chapel Hill*, 657 F. Supp. 3d 769, 779 (M.D.N.C. 2023).  GPS opened the door to this issue and Defendants walked through it.  That is not an "exceptional circumstance[]" that warrants additional briefing.  Pretrial Order and Case Management Plan, at 3 (Doc. 168).

---

[1]     Defendants' opening brief also expressly stated that Defendants would introduce "facts about the prior judgment" to support the defense of collateral estoppel.  Brief in Support of Defendants' Motion for Leave to Amend Their Answers at 13 (Doc. 165).  The effect of the joint stipulation is a matter for this Court to consider when the issue of collateral estoppel is determined on the merits.

*Third*, this Court should not entertain GPS's attempts to litigate the merits of Defendants' collateral estoppel defense in a surreply on a motion for leave to amend. The question before the Court on Defendants' Motion is whether Defendants' collateral estoppel defense is futile because it is "clearly insufficient or frivolous on its face," and it is neither. *Massie v. Bd. of Trs., Haywood Cmty. Coll.*, 357 F. Supp. 2d 878, 884 (W.D.N.C. 2005) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510-11 (4th Cir. 1986)). The parties' disagreements over Texas preclusion law—which GPS's own proposed surreply devotes thirteen pages to addressing—confirm that Defendants should be granted leave to amend so that the issue of collateral estoppel can be properly briefed at the appropriate procedural stage, and then resolved by this Court "on the merits" as the federal

4

rules require. *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2025).[2]

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to File Surreply.

---

[2] On the merits of collateral estoppel, the authorities cited in GPS's proposed surreply change nothing. *See* Exhibit 1 to Motion for Leave to File Surreply (Doc. 178-1). As an initial matter, interlocutory orders followed by a voluntary nonsuit are preclusive "as to the *issues* pronounced in favor of the defendant," regardless of whether that issue resolves an entire claim. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (emphasis added) (quoting *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex.1995) (per curiam)) (giving preclusive effect to earlier litigation's venue determination that did not resolve any claims). GPS tries to analogize this case to *Avondale Shipyards, Inc. v. Insured Lloyd's*, which applies federal preclusion law—not Texas law—and thus does not control over holdings of the Texas Supreme Court. 786 F.2d 1265, 1266 (5th Cir. 1986). And finally, it does not matter that the Texas Action involved different defendants; having lost on the critical issue of its public-figure status in the Texas Action, GPS is estopped anywhere from relitigating that same issue, which is relevant in this case. *See Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 847 (Tex. App. 1997) ("The further requirement of mutuality was abrogated to the extent that it is now required only as to the party against whom the plea of collateral estoppel is asserted." (citing *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984)).

Respectfully submitted the 4th day of March, 2026.

| **POYNER SPRUILL LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| --- | --- |

/s/ John Michael ("J.M.") Durnovich
Andrew H. Erteschik
N.C. Bar No. 35269
aerteschik@poynerspruill.com
Paul M. Cox
N.C. Bar No. 49146
pcox@poynerspruill.com
John Michael ("J.M.") Durnovich
N.C. Bar No. 47715
jdurnovich@poynerspruill.com
N. Cosmo Zinkow
N.C. Bar No. 53778
nzinkow@poynerspruill.com
P.O. Box 1801
Raleigh, NC 27602-1801
Telephone: (919) 783-289

*Local Counsel for Defendants*

/s/ Rachel E. Epstein
Rachel E. Epstein
N.Y. Bar No. 4795092
rachelepstein@quinnemanuel.com
(admitted *pro hac vice*)
Ellyde R. Thompson
N.Y. Bar No. 4729687
ellydethompson@quinnemanuel.com
(admitted *pro hac vice*)
JP Kernisan
N.Y. Bar No. 4817045
jpkernisan@quinnemanuel.com
(admitted *pro hac vice*)
Nicholas A. LoCastro
N.Y. Bar No. 5477286
nicholaslocastro@quinnemanuel.com
(admitted *pro hac vice*)

Margaret Schmidt
N.Y. Bar No. 5328018
margaretschmidt@quinnemanuel.com
(admitted *pro hac vice*)
Sophie Pearlman
N.Y. Bar No. 6080212
sophiepearlman@quinnemanuel.com
(admitted *pro hac vice*)
295 5th Ave
New York, NY 10016
Phone: (212) 849-7000

Tara Srinivasan
C.A. Bar No. 341484
tarasrinivasan@quinnemanuel.com
(admitted *pro hac vice*)
50 California St, Floor 22
San Francisco, CA 94111
Phone: 510-378-2977

Ashley Knoblauch
F.L. Bar No. 1058683
ashleyknoblauch@quinnemanuel.com
(admitted *pro hac vice*)
2601 South Bayshore Dr., Suite 1550
Miami, FL 33133
Phone: 305-402-4880

*Lead Counsel for Defendants*

# AI CERTIFICATION

I certify that no artificial intelligence was employed while conducting the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg. I further certify that every statement and every citation to an authority contained in this document has been checked by an attorney in the case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 4th day of March, 2026.

/s/ Rachel E. Epstein
Rachel E. Epstein

## CERTIFICATE OF SERVICE

I certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel and parties of record.

This the 4th day of March, 2026.

/s/ John Michael ("J.M.") Durnovich
John Michael ("J.M.") Durnovich