GLOBAL PLASMA SOLUTIONS, INC.,

*Plaintiff*,

v.

ELSEVIER INC. and ELSEVIER LTD.,

*Defendants*.

Civil Action No. 3:22-cv-00034

**PLAINTIFF GLOBAL PLASMA SOLUTIONS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO AMEND CASE MANAGEMENT ORDER AND FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**

Plaintiff Global Plasma Solutions, Inc. ("GPS") respectfully submits this Brief in Support of its Motion to Amend Case Management Order and for Leave to Take Additional Depositions and states as follows.

**INTRODUCTION**

GPS brought the present action after Defendants Elsevier Ltd. and Elsevier Inc. (collectively, "Elsevier") published a false and defamatory article (the "First Study") that had a devastating effect on GPS's business. The parties began conducting merits discovery in September 2025. In its Rule 26(a) initial disclosures, Elsevier disclosed 9 individuals likely to have discoverable information that it may use to support its claims or defenses in this matter. GPS deposed one of these individuals to date (Brent Stephens), scheduled the deposition of another (Bert Blocken), and stated its intention to depose the majority of the remaining disclosed witnesses. GPS will further have the need to depose other third-party and/or Elsevier witnesses revealed in discovery. Because this Court's Case Management Order limits non-expert depositions to 6 per side, GPS proposed that an increase to 10 is necessary and sought Elsevier's consent thereto.

1

Elsevier did not agree to GPS's conservative request, so GPS is forced to request this relief from this Court. GPS requests that it be permitted to take 10 non-expert depositions, which is a reasonable increase based on the relatively complex factual background of the case, evidentiary requirements, the resources of the parties, and the needs of the case.

## FACTUAL AND PROCEDURAL BACKGROUND

GPS filed this action in January 2022 after Elsevier published a false and misleading article in its journal, *Building and Environment*, which decimated GPS's business. After Elsevier moved to dismiss for lack of personal jurisdiction, the parties engaged in jurisdictional discovery and this Court ultimately rejected Elsevier's challenge to personal jurisdiction when it adopted the Magistrate Judge's Memorandum and Recommendation on July 23, 2025. (Doc. No. 102.) On August 22, 2025, the Court issued its initial Pretrial Order and Case Management Plan, providing that no party could depose more than 6 fact witnesses without prior approval of the Court but providing that the parties could increase that number by agreement. (Doc. No. 106.)

On January 7, 2026, this matter was reassigned to the Honorable Kenneth D. Bell. On January 29, 2026, the Court issued a revised Pretrial Order and Case Management Plan (the "CMO"), providing again that no party could take more than 6 depositions of non-expert witnesses. (Doc. No. 168 at 5.)

On March 9, 2026, Elsevier served Supplemental Rule 26 Disclosures, identifying 9 individuals likely to have discoverable information: Luaine Bandounas, the Publisher for *Building and Environment* when the First Study was published; Natalia Lee, the Publisher for *Building and Environment* when Elsevier published a second study about GPS's technology ("Second Study"); Edward Cassar, Elsevier's CFO; Laura Hassink, the Managing Director for Elsevier's Scientific, Technical, and Mathematic Journals; Catriona Fennell, Elsevier's Director of Publishing Services;

2

Sarah Jenkins, Elsevier's Director of Research Integrity & Publishing Ethics; Bahar Mehmani, Elsevier's Publishing Innovation Manager; Bert Blocken, the editor of the First Study; and Brent Stephens, an author of the First and Second Studies. Ex. 1 (Elsevier Ltd.'s Supplemental Disclosures); Ex. 2 (Elsevier Inc.'s Supplemental Disclosures). Other material third-party and Elsevier witnesses have also been revealed during discovery, which may necessitate additional depositions.

GPS deposed Stephens on March 5, 2026, and Elsevier deposed Brent Stephens on March 6, 2026. Given the number of witnesses Elsevier had disclosed, GPS's awareness of other parties like the other authors of the First Study who were likely to have relevant information, evidentiary requirements, and the needs of the case, GPS's counsel proposed raising the deposition limit. The parties met and conferred regarding this proposal on April 9, 2026, but could not reach an agreement.

Accordingly, GPS requests that this Court amend the CMO to allow it to take 10 depositions of non-expert witnesses.[1] This increase in the limit is not excessive and is in accordance with the relatively complex factual background at issue, evidentiary requirements, the resources of the parties, and the needs of the case. GPS reserves the right to ask for additional depositions as discovery proceeds.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 30(a)(2), a Court must grant leave to take additional depositions "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(1) and (2) permits parties to obtain discovery "regarding any nonprivileged matter that is

---

[1] Because this motion is one to amend the CMO, rather than a motion to compel, GPS's counsel does not read the CMO as requiring GPS to first request a conference with Judge Metcalf prior to filing the instant motion.

relevant to any party's claim or defense and proportional to the needs of the case," so long as the discovery sought is not unreasonably cumulative, the discovery sought cannot be obtained from a more convenient or less burdensome source, and the party seeking discovery has not had ample opportunity to otherwise obtain the information by discovery in the action. Fed. R. Civ. P. 26(b)(2)(C). In considering whether to grant leave to take additional depositions, courts in this Circuit consider whether "depositions in excess of the number permitted by the pretrial order will assist in proving the movant's case and will not prejudice the opposing party or delay the proceedings." *M. Shanken Commc'ns, Inc. v. Variant Events, LLC*, No. 3:10-CV-804, 2011 WL 2078007, at *4 (E.D. Va. May 25, 2011).

## ARGUMENT

The Court should amend the CMO and grant leave to allow GPS to increase the limit from 6 to 10 depositions of non-expert witnesses so that GPS can depose the material Elsevier witnesses disclosed by Elsevier as well as other important witnesses revealed in discovery. Increasing the limit to 10 is not excessive and is in proportion with the complex factual background of the case. In addition to the 9 witnesses listed on Elsevier's disclosures, there are other material third-party witnesses who may need to be deposed, including some additional authors of the false study and third-party distributors. GPS will be able to complete these depositions during the time remaining for fact discovery, so granting GPS's request will not delay the proceedings. Nor will Elsevier suffer any prejudice as a result of this modest increase.

In determining whether to allow a party to take additional depositions, courts consider "(i) the unreasonably cumulative or duplicative effect of the discovery; (ii) whether 'the party seeking discovery has had ample opportunity to obtain the information by [other] discovery;' and (iii) 'the needs of the case, the amount in controversy, the parties' resources, the importance of the issues

4

at stake in the action, and the importance of the discovery in resolving the issues.'" *CSX Transportation, Inc. v. Peirce*, No. 5:05-CV-202, 2012 WL 12892733, at \*9 (N.D.W. Va. May 23, 2012). Here, all of these factors counsel in favor of allowing GPS to take additional depositions. First, the information GPS seeks is not cumulative or duplicative. For example, as to the witnesses Elsevier disclosed, each witness holds a different role (with the exception of Bandounas and Lee, who performed the same role but at different times) at Elsevier or in regard to publication of the First Study. And Elsevier's disclosures confirm that its disclosed witnesses will not provide cumulative or duplicative information. With the exception of Fennell and Jenkins, Elsevier disclosed that each individual has information relating to a different subject, so depositions of most of these witnesses would not be duplicative. And although Elsevier indicated both Fennell and Jenkins have information regarding "Elsevier Ltd.'s policies and procedures, and Elsevier Ltd.'s receipt of and response to complaints related to the publication process," because Fennell has information on those subjects from the perspective of a management role at Elsevier and Jenkins has information on those subjects from the perspective of an ethics-focused role, even if "some of the information from the deponents may overlap, it is not unreasonably cumulative or duplicative." *M. Shanken Commc'ns, Inc.*, 2011 WL 2078007, at \*5. Similarly, the authors of the First Study have different scientific backgrounds and knowledge regarding the various tests at issue in the First Study that they performed separately and at different times. While GPS understands it may not depose all of the witnesses on Elsevier's disclosed list, the scope and complexity of the case warrants a modest increase in the deposition limit.

Nor is there any other reasonable method by which GPS could reasonably obtain this information, the second factor. As courts in this Circuit have observed, other discovery methods are "equally as cumbersome and expensive, if not more so, than oral depositions." *Id.*

"Depositions by written questions, for example, would require leave of Court and, consequently, another motion similar to the instant one." *Id.* And document requests will not produce all of the information GPS seeks, *cf. id.*, because GPS needs to be able to question these individuals regarding their disclosed subjects. And even if the information GPS seeks could be obtained solely via document requests (it cannot), prior to this Court imposing a limit of 30 requests for production ("RFPs") in its revised CMO, GPS had already served 39 RFPs, so it is unable to issue additional RFPs for this information.[2] Additionally, as to the individuals disclosed by Elsevier, nearly all are "ethically 'off limits' to [GPS's] counsel due to their existing positions with [Elsevier]." *Scott v. City of Sioux City*, 298 F.R.D. 400, 402 (N.D. Iowa 2014). Accordingly, a deposition is the only way GPS can obtain information from these individuals.

The needs of this case, especially considering the amount in controversy and Elsevier's resources, also weigh heavily in favor of allowing GPS to take additional depositions. Elsevier is the world's largest scientific publisher and makes billions each year from its empire of journals. GPS's damages expert has opined that GPS sustained more than a billion dollars in damages. GPS needs the ability to secure testimony from witnesses who are not within the subpoena power of the court and who Elsevier intends to rely upon in its defense, as well as other Elsevier employees and third-party witnesses who possess relevant information. These individuals have information that goes to the heart of this case, including Elsevier's publishing process and the publication of the First Study. Given the needs of this case and Elsevier's significant resources, requiring Elsevier to defend four additional depositions, many of whom are its own employees and whom it has

---

[2] Elsevier has not agreed to GPS's proposal to revert back to not having any limitation on the number of RFPs, consistent with the original CMO.

already admitted are likely to have discoverable information by including them on its Rule 26 disclosures, is warranted.

Courts regularly grant leave to allow a party to take additional depositions in similar circumstances. *CSX Transportation*, 2012 WL 12892733, at *9 (allowing a party to exceed the 10 depositions allowed by local rule where, although it could not be sure "what kind of testimony will result from these depositions," the court concluded that the third-party doctors the party sought to depose "may have relevant information"); *Clay v. Consol Pennsylvania Coal Co., LLC*, No. 5:12CV92, 2013 WL 4854746, at *9 (N.D.W. Va. Sept. 11, 2013) (good cause existed to exceed deposition limit to depose 7 of defendants' employees, half of whom were disclosed in defendants' Rule 26 disclosures); *M. Shanken Commc'ns, Inc.*, 2011 WL 2078007, at *5 (granting request to exceed limit on non-party depositions where "each deposition will produce different information" and the burden did not outweigh the benefit given the needs of the case).

It is clear now, based on Elsevier's disclosures and the information known to GPS and revealed in discovery thus far, that GPS needs to take more than 6 depositions. Accordingly, the Court should determine now that it will amend the CMO so that GPS can schedule all of the depositions it will be allowed to take in the time remaining for discovery. *See Byard v. Verizon W. Virginia, Inc.*, No. 1:11CV132, 2013 WL 5535913, at *5 (N.D.W. Va. Oct. 7, 2013) (expanding the deposition limit even where defendants had not exhausted their presumptive 10 depositions).

## **CONCLUSION**

For the foregoing reasons, GPS respectfully requests that this Court amend the CMO in this case to allow it to take 10 non-expert depositions. GPS reserves the right to request additional depositions if needed as discovery proceeds.

7

Date: April 21, 2026

**McGUIREWOODS LLP**

By: /s/ *Robert A. Muckenfuss*
Robert A. Muckenfuss (SBN #28218)
Kelly Warlich (SBN #51053)
Hannah K. Caison (SBN #59260)
Zachary L. McCamey (SBN #53540)
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Tel: (704) 343-2052
Fax: (704) 444-8707
rmuckenfuss@mcguirewoods.com
kwarlich@mcguirewoods.com
hcaison@mcguirewoods.com
zmccamey@mcguirewoods.com

Lucy Jewett Wheatley (*pro hac vice*)
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2017
lwheatley@mcguirewoods.com

Peter J. Wright (NC Bar # 62879)
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Tel: (919) 755-6600
Fax: (919) 755-6699
pwright@mcguirewoods.com

*Attorneys for Plaintiff Global Plasma Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this **21st day of April, 2026**, the foregoing **PLAINTIFF GLOBAL PLASMA SOLUTIONS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO AMEND CASE MANAGEMENT ORDER AND FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS** was filed electronically with the Clerk of Court for the Western District of North Carolina by using the CM/ECF system.  Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Robert A. Muckenfuss*
Robert A. Muckenfuss

**CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE**

I hereby certify as to the foregoing that:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/ Robert A. Muckenfuss*
Robert A. Muckenfuss

9