IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00034-KDB-WCM

| | | |
|---|---|---|
| GLOBAL PLASMA SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| ELSEVIER INC.; | ) | |
| ELSEVIER LTD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion to Amend Case Management Order and for Leave to Take Additional Depositions (the "Motion to Take Additional Depositions," Doc. 199), Defendants' Motion to Strike and Exclude Twenty Witnesses from Plaintiff's Second & Third Supplemental Initial Disclosures or in the Alternative to Amend the Case Management Order ("Motion to Strike," Doc. 202), and Plaintiff's request for a discovery conference.

The Court conducted a hearing on the Motion to Take Additional Depositions and the Motion to Strike, as well as a discovery conference and status conference, on May 11, 2026. During those proceedings, the Court issued oral rulings, which are memorialized and supplemented by this order.

1

## I.     Discovery Conference

Pursuant to Section II(F) of the Pretrial Order, Plaintiff requested a discovery conference with the undersigned to address two issues—whether Defendants should be required 1) to add an additional five (5) document custodians and 2) to redesignate documents that Defendants previously identified as being "Highly Confidential" pursuant to the Amended Protective Order (Doc. 175).

### A. Document Custodians

Plaintiff's request that Defendants add Peter Harrison, Priya Rai, David Spencer, Jan bij de Weg, and Deirdre Dunne as document custodians is **DENIED**.

### B. "Highly Confidential" Designations

As discussed during the May 11, 2026 conference, the undersigned is not persuaded that the fact that the General Data Protection Regulation of the European Union (the "GDPR") may apply to a document is a sufficient basis, standing alone, to designate that document as being "Highly Confidential" in this matter.

Accordingly, Plaintiff's challenge to Defendants' designation of documents as being "Highly Confidential" on the basis that their production may be prohibited by the GDPR is **SUSTAINED**. Defendants are directed to review the materials they have designated as "Highly Confidential" and

provide supplemental designations on or before **May 26, 2026**. To be clear, while no document may be designated as "Highly Confidential" on the basis that it may be subject to protection under the GDPR, Defendants remain free to designate documents as "Highly Confidential" for any other appropriate reason.

## II. Pending Motions

### A. Motion to Take Additional Depositions

The Motion to Take Additional Depositions (Doc. 199) is **GRANTED IN PART** and **DENIED IN PART** and the Pretrial Order and Case Management Plan is **AMENDED** to allow each side to take no more than ten (10) depositions of non-expert witnesses. The parties, though, may consent among themselves to take additional depositions of non-expert witnesses.

### B. Motion to Strike

The Motion to Strike (Doc. 202) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. As to Larry Bettello, who the parties advise is deceased, the Motion is **DENIED AS MOOT.**

2. As to the other fourteen (14) current and former employees of Plaintiff who are the subject of the Motion, the Motion is **GRANTED IN PART**. Specifically, Plaintiff is prohibited from offering substantive testimony from these individuals but may

3

offer them for procedural purposes, including to authenticate documents, provided however that the parties are directed to confer in good faith as to whether such testimony will be necessary.

3. As to the five (5) third parties who are the subject of the Motion, the Motion is **DENIED.**

### C. Pretrial Deadlines

The deadline for the parties to complete court-enforceable discovery and to conduct mediation is **EXTENDED** to and including **August 3, 2026**, and the deadline for the filing of dispositive motions, if any, is **EXTENDED** to and including **August 17, 2026**.[1] All other provisions of the Pretrial Order and Case Management Plan, as amended, remain in effect, including the December 7, 2026 trial setting.

---

[1] During the hearing, the undersigned referenced August 1 and 15. However, as those dates fall on weekends, the deadlines will be set for the following Mondays.

4

## D.      Sanctions

The undersigned **DECLINES** to award sanctions to either side with respect to either the Motion to Take Additional Depositions or the Motion to Strike.

It is so ordered.

Signed: May 13, 2026

W. Carleton Metcalf
United States Magistrate Judge

5