# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:22-CV-00034-KDB-WCM

| | |
|---|---|
| GLOBAL PLASMA SOLUTIONS, INC. , <br><br> **Plaintiff,** <br><br> v. <br><br> ELSEVIER LTD AND ELSEVIER INC. , <br><br> **Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 209) and Defendants' Motion for Judgment on the Pleadings (Doc. No. 195). The Court has carefully considered Plaintiff's motion and the parties' briefs and exhibits. Because the Court finds that Plaintiff has satisfied the generous standard for substantive amendment of pleadings and allowing the amendment will not prejudice Defendants if the case management schedule is modified as necessary, the Court will **GRANT** the Plaintiff's motion to amend. With this ruling, the pending motion for Judgment on the Pleadings will be denied as moot.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); *Melvin v. Cent. Piedmont Cmty. Coll*., No. 3:24-CV-00491-KDB-DCK, 2024 WL 3559603, at *1 (W.D.N.C. July 26, 2024). This is a liberal standard, and the Rule provides that "[t]he court should freely give leave when justice so requires." *Id.*; *Cook v. Howard*, 484 F. App'x 805, 814 (4th Cir. 2012) ("Rule 15(a)(2) articulates a relatively

1

liberal amendment policy ....”); *Wall v. Fruehauf Trailer Servs., Inc.*, 123 F. App'x 572, 576 (4th Cir. 2005) (noting that “leave to amend is a liberal standard”). Nevertheless, the “grant or denial of an opportunity to amend is within the discretion of the District Court.” *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (quoting *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 121 (4th Cir. 2013)).

A district court may deny a party leave to amend when “(1) ‘the amendment would be prejudicial to the opposing party;’ (2) ‘there has been bad faith on the part of the moving party;’ or (3) ‘the amendment would have been futile.’” *Id.* An amendment is considered futile when it is “clearly insufficient or frivolous on its face.” *Miller v. Maryland Dep't of Nat. Res.*, 813 F. App'x 869, 880 (4th Cir. 2020) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

## II.  DISCUSSION

While acknowledging that “courts should ‘liberally allow amendment’ of the pleadings,” Defendants argue that 1) Plaintiff “unduly delayed” seeking the amendment, causing them “undue prejudice”; 2) the motion to amend is sought in “bad faith” because it was briefly referenced in Plaintiff's same day response to Defendants’ Motion for Judgment on the Pleadings; and 3) the amendment is futile. Plaintiff responds that the delay in the amendment was caused by Defendants’ failure to timely produce critical documents, any bad faith is on the part of the Defendants and the amendment is not futile.

First, without resolving the back and forth with respect to the Parties’ discovery disputes,[1] the Court finds that the amendment was not sought so late that Defendants will be prejudiced. To

---

[1] The Court has scheduled a hearing on June 24, 2026, to address the Parties’ motions related to discovery.

2

the extent that the Defendants need to extend the discovery period to gather evidence to respond to the amendment, the Court will modify the case management schedule to accommodate reasonable requests. Second, the fact that the filing of an amended complaint moots a pending motion for judgment on the pleadings as a matter of course is not, standing alone, an indication of bad faith sufficient to deny an amendment. Indeed, if it were, then the filing of a motion to dismiss would effectively foreclose the amendment of a complaint, which is neither efficient nor consistent with the policy allowing liberal amendment of the pleadings.

Finally, the amendment is not futile. In the proposed Second Amended Complaint, Plaintiff adds additional factual details based on recent discovery to support its defamation claim and adds a Lanham Act "false advertising" claim generally based on the same allegations underlying its defamation claim; that is, that Defendants' promotion of a critical article about Plaintiff's product as "peer reviewed" was false and damaged Plaintiff's business. While Defendants will be permitted to fully challenge those claims in future motions,[2] they are not "futile," in the context of Rule 15. *See Mitchell v. Tuner*, No. CV SAG-25-1149, 2026 WL 1529328, at \*1-2 (D. Md. June 1, 2026) (an amendment is futile only if it is "clearly insufficient or frivolous on its face" and a futility review "does not involve an evaluation of the underlying merits of the case"). Therefore, Plaintiff will be permitted to file their proposed Second Amended Complaint.

---

[2] The Court respectfully suggests that further motion practice with respect to the pleadings should not be filed. Rather, the Defendants should complete discovery then promptly pursue Summary Judgment. The Court can then consider all of Defendants' arguments against the Second Amended Complaint in the context of the full record.

**III.    ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 209) is **GRANTED** and Plaintiff is directed to file its proposed amended complaint within seven days of the date of this Order;

2. Defendants' Motion for Judgment on the Pleadings (Doc. No. 195) is **DENIED** as moot; and

3. This case shall proceed towards a resolution of the merits of Plaintiff's claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 15, 2026

Kenneth D. Bell
United States District Judge

4