# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:22-CV-00034-KDB-WCM

|  |  |
|---|---|
| GLOBAL PLASMA SOLUTIONS, INC. , <br><br> **Plaintiff,** <br><br> v. <br><br> ELSEVIER LTD AND ELSEVIER INC., <br><br> **Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Sanctions (Doc. No. 212) and Objection to Magistrate Judge's Decision (Doc. No. 217). The Court has carefully considered these motions, the Parties' briefs and exhibits and oral argument on the motions from the Parties' counsel on June 24, 2026. For the reasons discussed below, the Court will **DENY** the Motion for Sanctions and give the Parties a structured opportunity to resolve their dispute related to Plaintiff's proposed additional witnesses prior to the Court issuing a final ruling on that motion.

## I.     MOTION FOR SANCTIONS

Plaintiff seeks sanctions under Federal Rule of Civil Procedure 37(c)(1) for Defendants' alleged misrepresentations and belated production of documents related to the "peer review" process communications that are at the core of the Parties' dispute. By its terms, Rule 37(c) forbids the use … of any information required to be disclosed under Rule 26(a) or (e) that isn't properly disclosed, "unless the failure was substantially justified or is harmless." *Deque Sys. Inc. v. Browserstack, Inc.*, No. 25-1534, 2026 WL 1615177, at *6 (4th Cir. June 5, 2026) (citing Fed. R. Civ. P. 37(c)(1)). It also provides for the possibility of sanctions for a wrongful failure to admit

1

requests under Rule 36. Fed. R. Civ. P. 37(c)(2). To determine whether a party's noncompliance was "substantially justified or [ ] harmless[,]" district courts apply the familiar *Southern States* factors and "consider the surprise to the opposing party, the ability to cure that surprise, the disruption to the trial, the importance of the evidence, and the explanation for nondisclosure." *Clear Touch Interactive, Inc. v. Ockers Co.*, 171 F.4th 715, 731 (4th Cir. 2026) (citing *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)).

Plaintiff's sanctions request does not fall neatly (or perhaps at all) into Rule 37(c), as it does not seek exclusion of evidence; indeed, its complaint is that it should have had access to this information, which it intends to use to support its claims, earlier. Further, Plaintiff cites Rule 26(g) as the basis of Defendants' discovery failure, which is not one of the expressly enumerated sections of Rule 26 in Rule 37(c). So, Plaintiff's allegations of wrongdoing under Rule 37(c) are, at best, the proverbial square peg in a round hole.

However, the Court retains broad discretion to supervise discovery, including the imposition of sanctions for discovery abuses, as part of its case-management authority. *Mey v. Phillips*, 71 F.4th 203, 217 (4th Cir. 2023) (citing *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014)); *see also United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 323 (4th Cir. 2018) (a trial court has "wide latitude in controlling discovery"). Yet, in exercising that discretion here, the Court does not find that sanctions are necessary. That is not to say that the Court approves of Defendants' discovery conduct.[1] To the contrary, Defendants' initial discovery responses and failure to produce all requested communications were, at a minimum, not

---

[1] Without reaching any particular accusation, the Court fully understands that Defendants contend that Plaintiff's discovery conduct was not pure as the driven snow either. Indeed, it seems to the Court that counsel too frequently engage in a tit for tat race for the lowest common denominator in meeting their discovery obligations, rather than cooperate fully in the best interests of all their clients.

2

consistent with the spirit of the discovery rules, which envision a cooperative effort to produce relevant information towards a search for the truth (an effort which is unfortunately in most cases only distantly aspirational). Instead, those responses reflected litigation gamesmanship and an effort to delay the legitimate discovery process, if not also gain an advantage with respect to the jurisdictional issues.

Still, Plaintiff received some notice of Defendants' position (which it did not further pursue) and Plaintiff was not seriously prejudiced by the delayed production. Specifically, it has been allowed to amend its Complaint to assert all its claims. Further, Defendants represented to the Court that they did not intend to object to the Parties' expected supplementation of expert opinions in light of the ongoing "rolling" discovery process. Therefore, the Court will exercise its discretion to decline to award sanctions against Defendants.

## II.     OBJECTION TO MAGISTRATE JUDGE RULING

In its second pending motion, Plaintiff objects to Magistrate Judge Metcalf's discovery ruling holding that Plaintiff is prohibited from offering substantive testimony from 14 current and former employees of the Plaintiff who were recently identified. *See* Doc. No. 208 at 3.[2]

A district court judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, including discovery disputes. *See* 28 U.S.C. § 636(b)(1)(A); *Stroud v. Coca-Cola Consol., Inc.*, No. 3:25-CV-00733-KDB-WCM, 2026 WL 1231219, at *1 (W.D.N.C. May 5, 2026); *Honeywell Int'l, Inc. v. OPTO Elecs. Co.*, No. 321CV00506KDBDCK, 2023 WL 2959883, at *1–2 (W.D.N.C. Mar. 21, 2023). Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on such non-

---

[2] Plaintiff is permitted under the ruling to offer the witnesses for procedural purposes, such as the authentication of documents. Doc. No. 208 at 3-4.

dispositive matters within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's ruling on a non-dispositive discovery issue, the district court will modify or set aside any part of the order only if it is "clearly erroneous or is contrary to law." *Id.* Under the clearly erroneous standard, the reviewing court does not ask whether a finding is "the best or only conclusion permissible based on the evidence." *In re Subpoena of Am. Nurses Ass'n*, No. 08-CV-0378, 2013 WL 5741242, at *1 (D. Md. Aug. 8, 2013) (quoting *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010)). Rather, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Walton v. Johnson*, 440 F.3d 160, 173-74 (4th Cir. 2006).

At oral argument, Plaintiff's counsel offered – in response to the Court's question of which of the precluded witnesses Plaintiff truly needed to call to provide substantive testimony – that he could "endeavor to refine the list" of witnesses. In a similar vein, Defendants' counsel represented to the Court her view that the Parties had not had time to fully explore a compromise on their dispute. Accordingly, rather than immediately issue a final Order (which is unlikely to fully favor either side), the Court will direct the Parties to do the following:

1. Plaintiff must "refine the list of witnesses" to include only those Plaintiff believes are necessary to provide important substantive testimony (the remaining witnesses will still be permitted to give "procedural" testimony in accordance with Judge Metcalf's Order);

4

2. Plaintiff should then prepare and send to Defendants a summary of the substantive testimony of each witness on the revised list, with sufficient detail that Defendants can determine if it is necessary for them to depose the witness;

3. The Parties must meet and confer to see if they can reach agreement on which additional witnesses will be permitted to offer substantive testimony. In considering their positions, the Parties should be aware that the Court will likely permit Defendants to depose any additional witness identified (in addition to the number of currently permitted depositions) and will extend the discovery period for a short time if needed to take the depositions; and

4. On or before July 8, 2026, the Parties must jointly notify the Court to what extent they have reached agreement on the witnesses and the schedule they propose to the Court for completion of discovery and the filing of Summary Judgment and Daubert motions.

The Court is hopeful that this process, if undertaken with the goal of realistic cooperation, will result in an agreement among the Parties. If not, the Court will promptly enter an Order resolving the objections.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Sanctions (Doc. No. 212) is **DENIED**; and

2. The Parties are directed to attempt to cooperatively resolve the Objections to the Magistrate Judge's decision (Doc. No. 217) as described above.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: June 25, 2026

Kenneth D. Bell
United States District Judge