**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00034-KDB-WCM**

| | |
|---|---|
| **GLOBAL PLASMA SOLUTIONS, INC.,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **ELSEVIER LTD AND ELSEVIER INC. ,** | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Defendant Elsevier LTD's ("Elsevier") Motion for a Protective Order related to its upcoming 30(b)(6) deposition. (Doc. No. 246). Specifically, Elsevier asks the Court to limit two "Topics" on which Plaintiff has requested that Elsevier's 30(b)(6) witness be prepared to testify. The Court has carefully considered this motion and the Parties' briefs in support and opposition. The Court will in part **GRANT** and in part **DENY** the motion as follows:

1. **Topic No. 1**

Relevant to this motion, Topic No. 1 seeks corporate testimony on Elsevier's responses to Interrogatory Nos. 4 and 7.

   a. Interrogatory No. 4

This interrogatory asks Elsevier to "identify all articles published by Elsevier from 2018-present that were later retracted." A response to this interrogatory would, on its face, require Elsevier to identify and prepare a witness to discuss any article retraction among literally several million articles, which the Court will not order. However, Plaintiff disclaims that broad scope and

1

represents that it will be satisfied if Elsevier prepares a witness "to testify that no articles published in BAE or by the First Study's authors were retracted from January 2019 to present" (as represented in the interrogatory answer) and it is "permitted to ask Elsevier's representative about what it has uncovered" in Elsevier's document production related to retracted articles. The Court approves and orders this limited examination. Further, Plaintiff is directed, at least one week prior to the deposition, to inform Elsevier – with specificity – which retracted articles from the document production it intends to ask about during the deposition. Thus, Elsevier will have an opportunity to prepare to testify on the retracted articles.

b. Interrogatory No. 7

Interrogatory No. 7 asks Elsevier to state the factual basis for each of its affirmative defenses. This is generally an appropriate interrogatory and Topic for a 30(b)(6) deposition. However, Elsevier resists the Topic on the grounds that its affirmative defenses rest, at least in part, on Plaintiff's documents which have been designated "highly confidential" and therefore cannot be shown to the 30(b)(6) representative. That is, Elsevier's counsel possesses information about its affirmative defenses that its employees do not have (but have presumably relied on in verifying interrogatory responses on the basis of counsel's representations).

The solution to this situation is to have a testifying 30(b)(6) witness who is privy to all of the factual information that Elsevier intends to rely on in support of its affirmative defenses. Therefore, if Plaintiff wants the opportunity to examine a 30(b)(6) witness about the full scope of Elsevier's affirmative defenses, then it must waive its document confidentiality designations[1]

---

[1] The Court notes that ultimately this case will be tried in open Court and at least one representative of each Party will be present in the Courtroom. Further, the Parties are not competitors. Therefore, there appears to be limited potential harm in requiring Plaintiff to waive its confidentiality restrictions (subject to the existing protective order) if it wants to examine a witness about all of the factual basis for Elsevier's affirmative defenses.

2

sufficiently to allow one of Elsevier's employees to testify.[2] If Plaintiff does so,[3] then Elsevier is ordered to produce a 30(b)(6) witness to testify with specificity on the factual basis for all its affirmative defenses.

### 2. Topic No. 43

Topic 43 seeks testimony on Elsevier's "awareness as of March 2021 of communications to Elsevier asserting that articles published by Elsevier have caused harm to specific entities or groups due to false, fabricated, or invalid science or data." Elsevier challenges this Topic, which extends to all its thousands of journals, as overbroad. The Court agrees. First, the likelihood that other specific incidents of claimed "harm" might lead to the discovery of admissible evidence is doubtful. Second, in light of that limited potential relevance, requiring Elsevier to search for and prepare a witness to testify as to all complaints about Elsevier journal articles goes too far and will not be ordered. Therefore, the Court will grant Elsevier's motion as to Topic 43 to the extent that it is not required to ferret out all instances of article complaints as requested by this Topic.

However, this ruling does not relieve Elsevier from making any attempt – at the Elsevier level, not the journal level – to prepare a witness to testify as to this Topic. In other words, the Court's protection on this Topic is not a license for Elsevier's counsel to fail to prepare a witness to disclose already known instances of serious complaints that fit within the Topic or to make reasonable inquiry of those who would know of such circumstances (for example the General Counsel or executive(s) most likely to have knowledge). In sum, Elsevier is not obligated to

---

[2] Alternatively, the Parties could theoretically agree on a witness who already has the requisite knowledge or access to "highly confidential" information, but this would also likely need to involve agreement about the scope of the "attorney-client" and "attorney work product" objections that could be asserted. The Parties are advised that if they voluntarily choose this path, the Court will not police such an agreement.

[3] Neither Party is given the right to choose the witness. Rather, the Parties are directed to meet and confer in good faith to determine the appropriate witness and scope of the waiver.

3

conduct a full search for complaints, but cannot use the Court's ruling to avoid disclosure of responsive information which it already knows or can readily gather.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

Elsevier's Motion for Protective Order (Doc. No. 246) is **GRANTED** in part and **DENIED** in part as described above.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 24, 2026

Kenneth D. Bell
United States District Judge

4