**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:22-CV-00034-KDB-WCM**

**GLOBAL PLASMA SOLUTIONS, INC. ,**

**Plaintiff,**

**v.**

**ELSEVIER LTD AND ELSEVIER INC. ,**

**Defendants.**

**ORDER**

**THIS MATTER** is before the Court on numerous motions related to various discovery disputes (Doc. Nos. 250, 254, 256, 259 and 261). Despite the Court's encouragement to avoid additional discovery motions and warning that sanctions would be awarded, the docket has yet again been filled with such motions. Accordingly, after careful consideration of the motions and the parties' briefs and exhibits in support and in opposition, the Court in part **GRANTS** and in part **DENIES** the motions and awards sanctions as follows:

**Doc. No. 250 – Motion for Leave to Take Depositions of Blake Frawley, Scott Gugenheim, Kevin Boyle, Audwin Cash and Erica Admire by Elsevier Inc.**

By this motion, Defendants (together "Elsevier") seek leave to take five depositions in addition to the number of depositions granted by the Case Management Order and otherwise ordered/agreed based on the filing of the Second Amended Complaint. The motion is denied. All the proposed deponents were identified long ago, and the Second Amended Complaint does not supply grounds for adding them to the number of permitted deponents (of course, Defendants may depose them within the existing limits). Indeed, the asserted need to take the depositions because

of the additional amount of damages at issue is, to be kind, absurd. Were the Defendants not truly concerned about the first billion dollars in claimed damages?

**Doc. No. 254 – Motion to Compel Production of Teams Messages from Falfurrias Management Partners by Elsevier Inc.**

This motion seeks production of "Teams" messages that Elsevier speculates relate to the "GPS Article" in dispute. However, in doing so, Elsevier both ignores the fact that the bare automated message referencing a "GPS Article" on which it relies was sent months before the publication of the disputed article and the representation of counsel (and now a sworn affidavit) that no relevant messages exist. The motion is therefore denied.

**Doc. No. 256 – Motion to Compel Plaintiff to Provide Complete Responses to Interrogatories 15 and 18 by Elsevier Inc.**

Elsevier's third discovery motion challenges Plaintiff's answers to Interrogatories 15 and 18. The motion is denied. Plaintiff's answer to Interrogatory 15 (which relates to Plaintiff's contentions concerning Elsevier's knowledge of falsity or reckless disregard of the truth) appears sufficiently comprehensive and detailed – with citations to documents and deposition testimony – to permit Elsevier to prepare its defense. Further, the individuals with knowledge of the asserted information are identified by name (as well as presumably in the documents and certainly the depositions). With respect to Interrogatory 18 (which asks for 10 years of each press release, statement, etc., regarding GPS' products), the Court agrees that it is overbroad on its face and is objectionable. Further, Defendants are not prejudiced by this denial as responsive information is likely publicly available (although that alone would not shield Plaintiff from a proper discovery request).

**Doc. No. 259 – Plaintiff's Motion to Compel**

Rather than file a series of separate motions, Plaintiff filed a single Motion to Compel, raising numerous issues. Each is addressed below.

1. **Search Terms** – On the limited record before the Court, it is difficult (if not impossible) for the Court to determine the relevance of the documents responsive to the challenged terms and the burdensomeness of production based primarily on the "number of hits." Both parties have treated this action as major litigation so the mere fact of "tens of thousands" of document "hits" is not dispositive. However, a search term that "hits" on any mention of "defamation" for all the thousands of journals published by Elsevier is overbroad. Therefore, the Court orders that the search term that resulted in those hits be revised to limit the search to the relevant journal and no more than 10 other journals of Plaintiff's choosing. The Parties are further directed to review the remaining search terms to determine if similar reasonable modifications can be made to limit the need for production of irrelevant documents (but again with the caveat that mere reliance on the fact that "thousands" of hits result will not be accepted as grounds for non-production).

2. **Research Integrity Investigation and Audit Lists** – Similar to the dispute over search terms, Elsevier has resisted production of documents related to "Research Integrity Investigations" and "audit" and "fire alarm" lists because they purportedly reach all internal investigations across all journals. The Court agrees that requests with such a scope are overbroad. Therefore, as with the search term order above, these requests will be limited to the production of the lists themselves and documents related to the relevant journal and no more than 10 other journals of Plaintiff's choosing.

3. **Interrogatories 9, 11-13, 19** – Plaintiff's also challenge Elsevier's response to several Interrogatories. The Court finds that Elsevier's answer to Interrogatory No. 9 is sufficient. Elsevier answered the question (saying that it didn't give the editor guidance about publication decisions) and then cited corroborating depositions. However, to the extent it cited entire depositions rather than only relevant portions, the Answer to Interrogatory No. 9 must be amended to cite the relevant testimony.

   Interrogatories Nos. 11-13 ask whether Elsevier is asserting that specific statements in the disputed journal article are true. Elsevier resists directly answering the interrogatories on the grounds that it is a publisher, not an expert on the subject matter of the article. Elsevier cannot avoid answering the interrogatories on this basis. Plaintiff is entitled to know what Elsevier is claiming in this action, even if the sources of its beliefs are expert reports. Therefore, Elsevier is required to answer the interrogatories directly rather than simply referring Plaintiff to its expert reports (which, of course, Elsevier can reference / cite (with specificity) as corroboration in its answers).

   Interrogatory No. 19 is similar. Plaintiff is entitled to ask the basis for Elsevier's contention – if it has one – that its representation that the relevant article was "peer reviewed" was not material to the purchasing decisions of Plaintiff's customers. Requiring Defendant to answer this interrogatory doesn't change the burden of who has to prove the issue at trial – it simply discovers the basis of Elsevier's position on the issue. Elsevier must fully respond to Interrogatory No. 19.

4. **Documents Withheld for Privilege** – The parties have informed the Court that they are in the process of trying to resolve their disputes over each other's privilege logs. The Court hopes very much that they do so and will not address this issue here.

5. **Authentication RFAs** – The parties' "dispute" over the authentication of screenshots from Elsevier's website appears to the Court to be a non-issue as a practical matter. Elsevier has stated that it has no objection to authenticating its webpages but cannot admit Plaintiff's particular RFAs for various detailed reasons. The parties are directed to confer further and authenticate all the webpages to be used prior to trial.

6. **RFP 40** – The Plaintiff's request for a full response to RFP 40 (which seeks all of Elsevier's advertising that its journals are "peer reviewed") raises the same overbreadth issue discussed above. To the extent the request seeks all advertising related to all journals, it is overbroad and requires the production of unnecessarily cumulative documents. However, it would also be wrong for the Court to limit the request only to the journal at issue. Plaintiff has a right to show (if it can) that such advertising was a point that Elsevier made generally (and perhaps often) for its journal products. Accordingly, the Court requires Elsevier to produce in good faith a reasonable sampling of responsive documents (i.e., examples of such advertising) not to exceed 100 pages, which should be sufficient for Plaintiff's legitimate purposes but not overly burdensome to Defendant.

**Doc. No. 261 – Motion to Seal**

Plaintiff asks the Court for leave to file under seal several exhibits to its Motion to Compel based on Defendants' designation of those documents as "confidential." The Court will grant the motion and permit the documents to be filed under seal; however, the Court reminds the parties that the trial of this matter as well as all documents relied on by the Court in considering any motions for summary judgment will be open to the public. *See 2311 Racing LLC v. Nat'l Ass'n for Stock Car Auto Racing, LLC*, No. 3:24-CV-00886-KDB-SCR, 2025 WL

2480153, at *1 (W.D.N.C. Aug. 11, 2025) (Reminding the parties that "even though it has broadly permitted filings under seal, once the Court uses any of that "confidential" information in … ruling on … anticipated Motions for Summary Judgment or the information is presented at trial, then it will become part of the public record, with the attendant consequences to all concerned").

**Award of Sanctions**

In the recent hearing on discovery motions on June 24, 2026, the Court forewarned the parties that if there were further discovery disputes that required the Court's intervention, the parties "should expect that the prevailing party will be awarded fees and costs and the losing party will face at least that and perhaps other sanctions." Doc. No. 243 at 33. Although the Court will, in the exercise of its discretion, not order the full payment of all fees and costs here, it will order Defendants to pay Plaintiff $10,000 in fees, costs and/or sanctions in connection with these discovery disputes, in which Plaintiff has prevailed in many, but certainly not all, respects. In particular, Elsevier's insistence on pursuing its Motion to Compel Production of Teams Messages (Doc. No. 254) is emblematic of an unreasonable insistence on seeking discovery without regard to obvious facts and the clear representations of the opposing party. Finally, although it has not done so here, both parties are cautioned that if further discovery disputes arise it may order the full payment of fees and costs if it finds that necessary.

**ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. The parties' discovery motions (Doc. Nos. 250, 254, 256, 259 and 261), are **GRANTED** in part and **DENIED** in part as described above;

2. Defendants are ordered to pay Plaintiff $10,000 within 14 days of the date of this Order; and

3. This case shall proceed towards a resolution of the claims in this matter in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 17, 2026

Kenneth D. Bell
United States District Judge