**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| GLOBAL PLASMA SOLUTIONS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>ELSEVIER INC. and ELSEVIER LTD.,<br><br>*Defendants*. | Civil Action No. 3:22-cv-00034-KDB-WCM |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO SHOW CAUSE**

GPS respectfully submits this memorandum in support of its motion to show cause for Elsevier's failure to comply with the Court's August 17, 2026 Order (Dkt. 287) ("Order").

## RELEVANT BACKGROUND

The Court issued an order dated August 17, 2026 directing Elsevier to do the following:

- Run the search terms that resulted in "tens of thousands of hits" across *Building and Environment*, as well as "no more than 10 other journals of Plaintiff's choosing" and produce the responsive documents. The Court's Order made it clear that "mere reliance on the fact that 'thousands' of hits result will not be accepted as grounds for non-production." *Id.* at 3.

- Produce documents related to "Research Integrity Investigations" and "audit" and "fire alarm" lists for Building and Environment, as well as the ten journals chosen by Plaintiff;

- Amend Elsevier's responses to Plaintiff's Interrogatory Numbers 9, 11-13, and 19;

- Produce "in good faith a reasonable sampling of responsive documents (i.e., examples of such advertising) not to exceed 100 pages" showing Elsevier's advertising of peer review.

*See* Dkt. 287, pp. 4-5.

Per the Court's Order, Plaintiff contacted Elsevier's counsel on August 18th concerning the search terms. *See* Ex. A (Email chain amongst counsel). On August 24th, Plaintiff's counsel followed up again with a proposal to narrow the requested search terms and to provide its list of ten chosen journals. *Id.* In this email, Plaintiff's counsel requested that the discovery be produced by August 31st so that it could be reviewed and used for summary judgment. *Id.*

Having received no response, Plaintiff's counsel followed up again on August 27th. On August 28th, Elsevier's counsel responded for the first time. *Id.* Elsevier's counsel stated that GPS's proposed search terms "resulted in 37k results including families," and that it was "not feasible to review that volume of documents and produce responsive records in a timely manner." *Id.* Elsevier then proposed modifications to GPS's search terms, without providing any hit counts on a term-by-term basis to allow GPS to analyze the reasonableness of the proposed modifications. *Id.*

After another follow-up by GPS's counsel, Elsevier provided hit counts for three of the proposed search terms on September 1st. Plaintiff's counsel immediately responded, demanding that Elsevier provide hit reports for **all** of the proposed terms so that GPS could evaluate Elsevier's claim that the original terms created an undue burden. Elsevier responded by refusing to produce the hit counts per term. Elsevier produced documents concerning its research integrity and audit lists on September 1 but did not provide any of the other discovery ordered by the Court.

At 9:35 pm EST on Friday September 4th (the Friday night before Labor Day weekend), Elsevier informed GPS that it had "nearly completed review of the documents located using the search terms in its August 28, 2026 email." Ex. B (Email from Mr. Jones to Plaintiff's counsel). Elsevier further stated that it could not serve the amended written discovery responses until "after the holiday weekend" due to "limited client availability."[1] *Id.* Counsel further reported that Elsevier had been unable to locate marketing related to peer review, but that it would continue its efforts "when necessary client contacts return after the holiday weekend." *Id.*

As of the filing of this Motion, Elsevier still has not served documents in response to the added search terms required by the Court's Order or documents in response to Request for Production number 40, despite 24 days having passed since the Court's Order. Moreover, Elsevier failed to serve its amended written discovery responses until yesterday morning—**the day summary judgment motions were due**, making it impossible for GPS to incorporate those responses into its summary judgment motion.

## ARGUMENT

Elsevier's discovery conduct required GPS to file a motion to compel, which was granted in relevant part. To date, Elsevier has largely thwarted the intended purpose of that Order by failing

[1] Noted that Elsevier is a British company, and the United Kingdom does not celebrate Labor Day.

to serve amended written responses until the day summary judgment motions were due and failing to produce documents responsive to the ordered search terms at all prior to the summary judgment deadline. As a result, the Court should order Elsevier to show cause as to why it has thus far failed to comply with the Court's Order and why additional sanctions should not be entered against Elsevier for failing to comply with a direct Court Order.

The Court has discretion to enter sanctions when a party fails to comply with a discovery order. *See e.g.*, *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 91-93 (4th Cir. 1989) (upholding entry of default as sanction for failure to comply with discovery orders). Here, the Court ordered Elsevier to serve amended written discovery responses and various categories of responsive documents within a reasonable time. Now, 24 days later and after the summary judgment deadline, Elsevier still has not fully complied with the Court's Order.

Due to Elsevier's conduct in failing to comply with the Order, the Court should require Elsevier to show cause as to why additional sanctions should not be imposed against it.

Date: September 10, 2026

**MCGUIREWOODS LLP**

By: /s/ *Robert A. Muckenfuss*
Robert A. Muckenfuss (SBN #28218)
Kelly Warlich (SBN #51053)
Hannah K. Caison (SBN #59260)
Zachary L. McCamey (SBN #53540)
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Tel: (704) 343-2052
Fax: (704) 444-8707
rmuckenfuss@mcguirewoods.com
kwarlich@mcguirewoods.com
hcaison@mcguirewoods.com
zmccamey@mcguirewoods.com

Lucy Jewett Wheatley (*pro hac vice*)
Claire Hagan Eller (*pro hac vice*)
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2017
lwheatley@mcguirewoods.com
celler@mcguirewoods.com

Peter J. Wright (NC Bar # 62879)
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Tel: (919) 755-6600
Fax: (919) 755-6699
pwright@mcguirewoods.com

*Attorneys for Plaintiff Global Plasma Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September, 2026, that the foregoing document was filed electronically with the Clerk of Court for the Western District of North Carolina by using the CM/ECF system. Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *Robert A. Muckenfuss*