**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| GLOBAL PLASMA SOLUTIONS, INC.,<br><br>*Plaintiff*,<br>v.<br><br>ELSEVIER INC. and ELSEVIER LTD.,<br><br>*Defendants*. | Civil Action No. 3:22-cv-00034-KDB-WCM |

**PLAINTIFF GLOBAL PLASMA SOLUTIONS, INC.'S RESPONSE TO MOTION FOR JUDICIAL NOTICE**

Plaintiff Global Plasma Solutions, Inc. ("GPS" or "Plaintiff") respectfully submits the following response to Defendants Elsevier Inc. and Elsevier Ltd.'s ("Elsevier" or "Defendants") Motion for judicial notice.

Elsevier requests that the Court take judicial notice of three lawsuits that GPS filed in the Northern District of Texas, the Northern District of Georgia, and the Northern District of California, as well as three specific filings in the Northern District of Texas action: GPS's complaint, GPS's response in opposition to Defendants' motions for summary judgment, and the Court's order on Defendants' summary judgment motions (the "Texas Order"). Doc. 328. Elsevier seeks judicial notice of these documents to support its affirmative defense that the Texas Order collaterally estops GPS from disputing that it is a limited-purpose public figure for the purposes of this litigation. But because the Texas Order is an interlocutory order with no reasoning regarding GPS's public figure status and concerns different defamatory statements, it has no preclusive effect. And because Elsevier offers no other basis for judicial notice, the fatal deficiencies in its collateral estoppel defense are equally fatal to its request for judicial notice. Therefore, this Court should deny Elsevier's motion for judicial notice.

In the 2-page Texas Order, the court granted the defendants' motions for summary

judgment that GPS was a limited purpose public figure. Doc. 332-2 ¶ 3. Elsevier seeks judicial notice of the Texas Order to support its affirmative defense that the order collaterally estops GPS from disputing that it is a limited purpose public figure in this case. Doc. 329 at 3. But Elsevier's argument fails because the Texas Order has no preclusive effect, which is fatal to its request for judicial notice. *See Boshea v. Compass Mktg., Inc.*, No. CV ELH-21-00309, 2023 WL 7089917, at *4-6 (D. Md. Oct. 26, 2023) (denying motion for judicial notice of filings in another case where such filings did not have preclusive effect).

Under Texas law,[1] collateral estoppel applies only if "(1) the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Mower v. Boyer*, 811 S.W.2d 560, 563 (Tex. 1991) (citation omitted).

Elsevier's arguments in support of collateral estoppel fail at the first prong because "collateral estoppel cannot apply unless there is a final judgment, and the summary-judgment order that [Defendants cite] as the basis for their collateral-estoppel defense was interlocutory, not final." *Bridgestone Lakes Cmty. Improvement Ass'n, Inc. v. Bridgestone Lakes Dev. Co., Inc.*, 489 S.W.3d 118, 127 (Tex. Ct. App. 2016). This is obvious from the Texas Order's face—it grants in part and denies in part summary judgment and anticipates that the case will continue on to trial and eventual appeal. Doc. 332-2 at 2. Indeed, it does not even purport to provide any reasoning for these interlocutory decisions, noting that "[t]o the extent that the Court grants summary judgment and does not explain herein the basis for its ruling, an Opinion on such matters will follow," *id.*,

[1] Federal common law governs the preclusive effect of a federal court's disposition of a state law claim decided under supplemental jurisdiction. *Hately v. Watts*, 917 F.3d 770, 777 (4th Cir. 2019). Under federal common law, courts apply the preclusion law of the state in which the original court sat, unless "incompatible with federal interests." *Id*. Texas law thus governs here.

although none ever did.

Elsevier has previously argued that this interlocutory order was transformed into a final order with preclusive effect because the parties later settled and voluntarily dismissed their claims. *See, e.g.*, Doc. 176. at 4-5. That is wrong—a partial summary judgment followed by settlement is "not a final judgment for purposes of . . . collateral estoppel," and settlement does nothing to "breathe[] . . . preclusive effect" into an interlocutory order.[2] *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269, 1272 (5th Cir. 1986). Elsevier's sole basis for judicial notice fails on this ground alone.

Even assuming *arguendo* that Elsevier could establish the threshold requirement that its collateral estoppel arguments are based on a final order, Elsevier cannot meet its burden to show that collateral estoppel applies here. First, "[a] prior adjudication of an issue will be given estoppel effect only if it was adequately deliberated and firm. The factors to be considered in making this determination are (1) whether the parties were fully heard, (2) that the court supported its decision with a reasoned opinion, and (3) that the decision was subject to appeal or was in fact reviewed on appeal." *Mower*, 811 S.W.2d at 562. The order to which Elsevier points had no reasoning whatsoever, *see* Doc. 332-2 ¶ 3, nor was it subject to an appeal.

Moreover, even then collateral estoppel would be appropriate only to bar "[r]elitigation of an issue" decided in the prior litigation. *See Mower*, 811 S.W.2d at 563. But the order in that case only purported to decide GPS's limited-purpose public figure status with respect to the defamatory statements at issue in that case, which post-date and are distinct from the defamatory statements

---

[2] Elsevier's present motion does not attempt to argue otherwise, instead stating with no support that GPS had a "full and fair opportunity" to litigate the issue, Doc. 329 at 3, citing to a District of D.C. case that applied preclusive effect to a final decision from the D.C. Circuit, *Liberty Lobby Inc. v. Rees*, 667 F. Supp. 1, 2 (D.D.C. 1986), not an interlocutory order followed by a voluntary dismissal.

Elsevier published in the First Test. At issue in the Northern District of Texas litigation were statements made by other individuals on a variety of topics, including the efficacy of GPS's devices in mitigating the COVID-19 virus, which is not at issue in this case. *See* Doc. 325-1 at 14 (First Test authors noting they "did not evaluate efficacy for microbiological constituents, despite the high level of interest in these types of technologies for inactivating opportunistic pathogens such as SARS-CoV-2"); Doc. 332-1 ¶¶ 39-52 (citing various statements other individuals made about GPS and its technology, many of which post-date the First Test and are related to COVID-19 efficacy). The question for this Court is whether, at the time Elsevier published the First Test, GPS was a limited-purpose public figure "for the limited purpose of comment on a particular public controversy" that gave rise to the First Test. *Foretich v. Capital Cities/ABC, Inc.*, 37 F.3d 1541, 1553 (4th Cir. 1994). The Texas court's interlocutory, unreasoned order regarding GPS's status with respect to an entirely different set of statements is wholly irrelevant to that inquiry.

Indeed, it is well established that "[a] court should not take judicial notice of 'any specific factual finding, legal reasoning, or legal conclusion' from another case, as it would be 'inappropriate under Federal Rule of Evidence 201(b).'" *Baines v. Equifax, Inc.*, No. 5:25-CV-454-BO, 2026 WL 757788, at *5 (E.D.N.C. Mar. 1, 2026) (quoting *Corbitt v. Baltimore City Police Dep't*, 675 F. Supp. 3d 578, 587 (D. Md. 2023), *report and recommendation adopted*, No. 5:25-CV-454-BO-BM, 2026 WL 756920 (E.D.N.C. Mar. 17, 2026); *Boshea*, 2023 WL 7089917, at *5 ("[I]t would be inappropriate to take judicial notice of the circuit judge's legal reasoning or legal conclusions, which is precisely what Compass seeks in the Motion.").

Accordingly, because Elsevier's sole basis for judicial notice is its collateral estoppel defense, and because that defense fails, its motion for judicial notice fails as well.

Date: September 23, 2026

**McGuireWoods LLP**

By: /s/ *Robert A. Muckenfuss*

Robert A. Muckenfuss (SBN #28218)
Kelly Warlich (SBN #51053)
Hannah K. Caison (SBN #59260)
Zachary L. McCamey (SBN #53540)
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Tel: (704) 343-2052
Fax: (704) 444-8707
rmuckenfuss@mcguirewoods.com
kwarlich@mcguirewoods.com
hcaison@mcguirewoods.com
zmccamey@mcguirewoods.com

Lucy Jewett Wheatley (*pro hac vice*)
Claire Hagan Eller (*pro hac vice*)
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2017
lwheatley@mcguirewoods.com
celler@mcguirewoods.com

Peter J. Wright (NC Bar # 62879)
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Tel: (919) 755-6600
Fax: (919) 755-6699
pwright@mcguirewoods.com

*Attorneys for Plaintiff Global Plasma Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of September, 2026, that the foregoing document was filed electronically with the Clerk of Court for the Western District of North Carolina by using the CM/ECF system. Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Robert A. Muckenfuss*
Robert A. Muckenfuss